## No. 108.

### CATHARINE ZIEGLER *v.* MUTUAL AID AND BENEVOLENT LIFE INSURANCE ASSOCIATION OF LOUISIANA.

1. Where an Insurance Company pleads forfeiture of a policy, the burden is upon such company to establish the defense.
2. Where testimony is reduced to writing by questions and answers, the latter are to be construed in connection with the former.

*Appeal from the Sixth District Court for the Parish of Orleans. Rightor, Judge.*

*Chas. Louque*, for plaintiff, appellant.

*H. N. Ogden*, for defendant.

Ziegler vs. Mutual Aid and Benevolent Life Association of Louisiana.

ROGERS, J.—This is an action on two policies of life insurance issued to Charles Ziegler for the benefit of his wife, plaintiff herein.

The policies are known as class A and class B. Policy A contains the following clause :

" Said Charles Ziegler hereby agrees to pay into the treasury one 25-100 dollars upon the death of any member of the association, within thirty days after date of said death, being notified thereof by publication in one daily newspaper published in English, and one in French, for five consecutive days." Provided    *    *    " That if the party hereby assured fails to pay the assessment called for above, upon the decease of a member, within the time mentioned, *and fails to give good and acceptable reasons* therefor within twenty days thereafter,    *    *    then, in every such case this policy shall become null."

The answer admits the issuance of the policies, but denies liability, for the reason that the policy A lapsed and was forfeited by the non-payment of assessments Nos. 214, 215 and 216, published December 7th, 1875.

The burden of proof was upon the defendant, to establish the forfeiture; they have shown that the publications were made, as required, on December 7th ; but the plaintiff has shown that on December 30th the deceased made his payment, and no published calls were made after this date.

No forfeiture was ever entered upon the books of the company prior to Ziegler's death. The treasurer testifies : " We generally leave the account open on the books for reinstatement ; we are privileged by our charter to reinstate parties when they come in good health, but in this instance, he necessarily never appeared—having died he couldn't appear."

The testimony has not satisfied us that the Company should prevail in their defense.

One of the conditions of policy " B " is that the insured " agrees to make a deposit of twelve dollars (two assessments), and renew the same when said deposit has been consumed, within thirty days from date of written notice, deposited in the

postoffice, in the city of New Orleans, State of Louisiana, addressed in conformity with his written address, filed with the secretary of the Association."

The testimony of the secretary and treasurer establishes that notices were sent through the postoffice, according to the terms of the charter. This evidence was adduced in answer to questions having reference to the deposit by the secretary of the notice under terms of the agreement in this policy, and construing these answers in connection with the questions, as should be done, the defense is sufficiently established.

The judgment is reversed, and judgment is now rendered in favor of plaintiff against the defendant, for five hundred and ten dollars, amount of policy "A," and legal interest from March 30, 1874, with costs of both courts.