JOHN L. NESKERN and another *vs.* NORTHWESTERN ENDOWMENT AND
LEGACY ASSOCIATION OF MINNESOTA.

May 11, 1883.

**Mutual Life Insurance—Action by Payee of Policy.**—*Held,* that the complaint states a cause of action.

**Same—Evidence Sufficient to Show Total Membership.**—*Also,* that the evidence is sufficient to sustain the finding of the referee as to the number of members of the defendant association; that, in an action against such association, the number of certificates of membership issued by it is *prima facie* evidence of the number of members, and, if any persons to whom such certificates have been issued have ceased to be members, by reason of forfeiture, suspension, or otherwise, the burden of proof is upon defendant to show that fact.

In his lifetime, Peter Neskern became a member of the defendant association, organized for the purposes of mutual life-insurance, and received from defendant the following policy, or certificate of membership, viz.:

"Age 59. No. 498. Certificate of membership in the Northwestern Endowment and Legacy Association of Minnesota, Class D, amount $2,000., matures in twelve years.

"This is to certify that Peter Neskern, having complied with the conditions of membership in the Northwestern Endowment and Legacy Association of Minnesota, is entitled to the benefit of said association, subject to the conditions hereinafter stated, in the sum of one dollar for each contributing member of said association, not exceeding the sum of two thousand dollars, payable to Martin Neskern, his executors, administrators or assigns, within ninety days after due proof of death of said member during continuance of membership in said association, or to Martin Neskern, at the expiration of twelve years from the date of these presents. This certificate is issued and accepted upon the express conditions and agreements that the statements, answers and representations contained in the application for membership in said association upon which this certificate is issued, are warranted by said member to be full, true and complete in all respects; and that said member shall pay the sum of three dollars annually for three years from date of this certificate; and that, at death or at expiration of membership of each member of this association by the maturity of certificate, the holder of this certificate will be assessed and pay the sum of one dollar and twenty cents; and if this certificate has been obtained by any fraud, concealment, or false statement, or if the said member fails to pay the amount above specified, then this certificate shall be absolutely null and void at the option of the official board, otherwise of full force and effect.

"In testimony whereof the said Northwestern Endowment and Legacy Association of Minnesota have, by their president and secretary, signed and issued this certificate, in the city of Red Wing, this 1st day of March, 1880.

"OTIS G. DAY, Secretary.                    H. B. WILSON,
[Seal.]                                        "President."

Subsequently, on August 21, 1880, Peter Neskern revoked his direction of payment to Martin Neskern, and directed payment to be made to the plaintiffs, the revocation and direction being indorsed

upon the certificate of membership and attested by "Otis G. Day, Secretary."

Peter Neskern having died on October 18, 1880, of heart-disease, as alleged in the complaint, plaintiffs brought this action in the district court for Dakota county upon the above certificate, which was set out in full in the complaint. The answer admits the execution of the certificate, sets out certain questions and answers accompanying the application relating to diseases of the heart and general health of the applicant, in which Peter Neskern represented himself as free from all such diseases, and as being in good health, and alleges that these representations were false and fraudulent, and that Peter Neskern knew them to be so. The action was tried before a referee, who found, as facts, that Peter Neskern had complied in all things with the requirements of his contract with defendant; that he did not have heart-disease at the time of his application, and that, at the time of his death, the defendant had 1,231 members "in good standing, who were liable to pay assessment for death losses;" and, as a conclusion of law, that plaintiffs are entitled to judgment for $1,230. Defendant appeals from an order by *Crosby*, J., refusing a new trial.

*Charles McClure* and *F. W. Hoyt*, for appellant, cited *Curtis* v. *Mut. Benefit Life Co.*, 48 Conn. 98; *N. Y. Life Ins. Co.* v. *Universal Life Ins. Co.*, 88 N. Y. 424; *Campbell* v. *N. E. Mut. Life Ins. Co.*, 98 Mass. 381; *Central Bridge Co.* v. *Butler*, 2 Gray, 130; *Cory* v. *Boylston Ins. Co.*, 107 Mass. 140.

*Wm. Hodgson*, for respondents.

MITCHELL, J. The first question to be considered in this case is whether the complaint states a cause of action. The certificate of membership, which constitutes the contract upon which the action is brought, is set out in full, but the sufficiency of the complaint will depend upon the construction to be given to the following clause : "Peter Neskern, having complied with the conditions of membership, is *entitled to the benefit of said association* (subject to the conditions hereinafter stated) *in the sum of one dollar for each contributing member*, not exceeding the sum of $2.000." Defendant's contention is that this is not a contract to pay absolutely, but merely to make an assessment of one dollar upon each member, and, when collected, to pay the

proceeds to the party entitled to it, and hence that the complaint shows no breach of the contract, because it neither alleges a failure to make an assessment nor that any money has been, in fact, collected upon an assessment made.

In view of the well-known character of the contracts of many of these so-called mutual-protection associations, it is possible that, if the articles of association and by-laws of defendant were set out, it might appear that this was the extent of the benefits of membership. But these articles and by-laws are neither set out in the pleadings nor introduced in evidence. Hence, we are left to construe this language of the certificate of membership by itself. There is nothing in it suggestive of the idea that defendant's liability is dependent upon collections received from an assessment. Upon its face we think it amounts to an absolute undertaking to pay a sum of money, the amount of which is to be determined by the number of contributing members. Hence we think the complaint states a cause of action, although it neither alleges the actual receipt of money upon an assessment to meet the loss, nor a neglect to make such assessment. This, too, seems to have been the theory upon which defendant's answer was framed, and the cause tried in the court below.

2. The only other question is, whether the evidence is sufficient to sustain the finding of the referee as to the number of "contributing" members of the association at the time of Peter Neskern's death. The case was tried rather informally, but we think that the record clearly shows that "contributing members," and "members in good and regular standing who had not forfeited their membership," were assumed throughout the trial as being synonymous and convertible terms, and that every member in good and regular standing was liable to assessments. There is some evidence tending to prove this fact, and, as before remarked, it seems to have been impliedly assumed as a fact upon the trial. Hence, we think the presumption legitimate that "members in good and regular standing" and "contributing members" mean the same thing. The number of membership certificates which had been issued was *prima facie* evidence of the number of members, and we think the court below was right in holding that if any of the persons to whom these certificates were issued had

ceased to be members by forfeiture, suspension, or otherwise, the burden was upon defendant to show it. The means of doing so are or ought to be peculiarly within its possession. To require the plaintiffs to prove a negative in the case of each person who had been received into membership, and that such person had not been suspended or had not forfeited his membership, would be unreasonable and impracticable.

Order affirmed.