### JANE HALL v. SCOTTISH RITE, K. T. AND M. M. AID ASSN.

1. PRIMA FACIE CASE MADE BY PROOF OF DEATH CERTIFICATE, AND THAT CLASS WAS FULL.

A certificate of membership in an aid association providing for a consideration named and paid, to pay to the beneficiary a stipulated sum of money upon the death of the member insured when the class of which he is a member is full, and further requiring the payment of assessments of a specified amount upon the death of each member in the class, of itself makes a *prima facie* case against the company, when it admits in its answer the execution of the certificate, and that the class was full when the certificate was issued, and sets forth no other defense than non-payment of these assessments, and that the class was not full at the time of death.

2. BURDEN ON DEFENDANT TO PROVE DEPLETION OF CLASS AND NONPAYMENT OF ASSESSMENTS.

In such case, where the answer alleges as sole defenses that the class of which the assured was a member, was not full at the time of the assured's death by reason of lapses and deaths, and that certain members of that class, naming them, had died at dates given, holding valid certificates of membership in the company, and that the company made assessments against the assured by reason of the several deaths, which assessments the assured failed and neglected to pay, whereby he forfeited his membership, such facts, when denied in the reply, must be proven by the defendant affirmatively, and no evidence need be offered by the plaintiff under the general allegation of performance of all the conditions on her part in making her case in chief.

Error to the Court of Common Pleas of Cuyahoga county.

BALDWIN, J. (orally).

This case of Jane Hall v. Scottish Rite Knights Templar and Master Masons' Aid Association, of Dayton, comes before this court on a petition in error by the plaintiff below to reverse a verdict and judgment of the court of common pleas. The action was brought against this benefit association, Jane Hall being the widow of Samuel B Hall, deceased, to recover upon a policy of insurance issued by the association to her husband, payable to her. It is a short policy, called a "Certificate of Membership," and sets out that the association "in consideration of the representation made to it in the application for membership and the sum of $8.00 to it in hand paid by Samuel B. Hall, of Kent, Ohio, and the sum of $2.00 to be paid within ten days after due notice has been served upon him of the death of a member of the association, do promise and agree to and with the said Samuel B Hall, his heirs, executors, administrators and assigns, well and truly to pay or cause to be paid to Mrs Jane Hall, his wife, or legal representative of said Samuel B Hall, within 30 days after due notice and satisfactory evidence of the death of said Samuel B. Hall, and proof of interest shall be received at the office of this association, the amount of $3,000.00, when the class of which he is a member is full, and until such class is full a proportionate amount for each member in this association at the time of his death. It is also understood and agreed that if the said Samuel B. Hall shall not pay the assessment hereinbefore named"—that is, the two dollar assessment—"on or before the time mentioned for the payment thereof, or in case he shall, without the consent of the association, previously obtained in writing, engage in any military or naval service whatsoever, in time of war or rebellion, then this certificate shall be null, void and of no effect."

The plaintiff brought suit, as I have said, upon that certificate, alleged the death of Samuel B. Hall, and in a general way that he had performed the conditions of the certificate, and that at the time of the death of Samuel B. Hall, and long before, the class was full, which would make the amount due her $3,000.00.

The answer admitted that the class was full at the time at which this certificate was issued, but it denied that it continued to be full. And it is alleged further that Samuel B. Hall had not observed the conditions of membership in

this respect; it named twelve persons who belonged to that class, and at whose death it is alleged that assessments had been made in consequence of those deaths; that notice had been given to Samuel B. Hall, and that he failed to pay the assessments thereon, alleging that thereby, under the conditions in the certificate of membership, the certificate became void, and his membership ceased.

That whole answer was denied in the reply, including the death and membership of the persons named in the answer.

The death was acknowledged. The plaintiff offered the contract, and then stopped. Now it is to be noticed that it is admitted that Hall had paid all he was to pay in the outset. The only sums he was to pay after that were such sums as should afterwards be assessed upon the death of members following his membership. It is also to be noticed that the pleadings show that at the time at which that certificate was issued the class was full. The defendant made a motion that the jury be directed to return a verdict for the defendant. Thereupon the plaintiff obtained leave to introduce further testimony, and did introduce the testimony of a witness who testified that he was book-keeper of the defendant, and that the class which the pleadings showed, was full at the time at which this certificate was issued, and continued to be full until February, 1890, which was after the death. The defendant again made a motion that the jury be directed to return a verdict for the defendant. The court so directed the jury; such verdict was returned, and judgment rendered thereon for defendant. Some comment was made upon the testimony of the book-keeper that he could not know anything about this fact; but he testified to it, and there is no cross-examination to show that he did not have full knowledge of it. And in the absence of cross-examination, or any reason to believe that he did not know what he was swearing to, it is presumed that he had knowledge on the subject about which he undertook to testify.

Something was said as to want of evidence of the presentation of proofs of loss. But the answer did not deny such presentation. It denied that the deceased performed the conditions of the policy "because" he had not paid the assessments alleged to have been made. The denial of performance was special, and not general, and such denial (there being no general denial), was a waiver of any formal presentation of proof of loss, if there was none; so that it was not necessary for the plaintiff to prove in the first place proof of loss. Nor was it necessary that she should go forward and should show that this class continued full, or that she should show that any assessments had ever been made upon Samuel B. Hall, which he ought to have paid and was in default of paying.

Those things are matters of defense. As far as the first is concerned, the class continuing full, the general rule is that when a condition of affairs is proved to exist (and in this case a certain state of affairs is admitted to have existed), it is presumed to continue until a different state of facts is shown, and that it devolves upon the party who is interested (in this case upon the defendant) to make that proof. The burden of proof to show a default in not paying assessments accruing after the issue of the certificate rested upon defendant. The policy was a full and valid policy at the time at which it was issued. The insured had paid all he was to pay. The only conditions under which he would be obliged to pay any more would be, that if members of his class died, assessments were to be made upon him in consequence of those deaths. And it is further said in the answer that the company gave him notice, and he then refused or declined or omitted to pay those assessments. Those are matters which happened subsequently to the issue of the certificate.

As far as the general policy of jurisprudence is concerned, it is to be noticed in regard to both these defenses that they are matters which are peculiarly within the knowledge of the company. The company would know perfectly well, and the plaintiff would not know unless she found out from the company, by inquiry of it, whether or not that class continued full; and the company would know,

and not Mrs. Jane Hall, whether or not members had died and assessments had been made. The knowledge would not only be more completely within them, but it would be of such a nature in both instances as to be peculiarly within the province of the company to know. The burden is on the company to show these facts. On this point the authorities are all one way. It seems to us as if there must have been some inadvertence on the part of the learned judge of the court of common pleas, by which this case was taken from the jury.

There have been cited to us the following authorities: 20 Ins. Law Journal, 1004, (Supreme court of Illinois); 18 Ins. Law Journal, 337, (Supreme court of Indiana); 16 Ins. Law Journal, 853, (Supreme court of Kansas); 61 Texas, 296; 4 McCreary, 149; 12 Fed. Rep. 461; 103 Ind. 286; 91 Ind. 84; 1 McGloin, 284, (Cal.); 78 Mo. 110; 28 Mo. App. 463; 30 Minn. 406; 72 Ia. 261; 97 Mass. 144;— and every one of those cases is direct authority upon one of these propositions, and some of them upon both. We know of no authority whatever on the other side. None is cited. Nor in these respects do we understand the rules laid down in those cases in regard to this benefit society to be substantially different from the rules laid down in regard to ordinary life insurance policies. For, take such an excellent little book as Boone on Code Pleading, sec. 156 of the first volume, and sec. 220 of the second, and the rule is laid down as follows:

"All that is necessary in the complaint to make out a cause of action upon a policy of life insurance is a statement of the contract, the death of the assured, and the failure to pay as agreed: an allegation that the death of the assured was not caused by the breaking of any of the conditions of the policy is unnecessary, and does not require proof. The plaintiff is not bound to anticipate in the complaint the defense which the defendant may set up, and has a right to rely, in complaining, upon such averments as state a cause of action, leaving matter which would meet a defense for proof, or argument from proof, at the trial. When the answer admits the issuing of the policy and the allegations in the complaint, and alleges a breach of its conditions, the burden of proof is upon the defendant, and the plaintiff is entitled to recover, unless the defendant satisfies the court or jury, by a fair preponderance of the evidence, that the conditions had been broken."

The verdict and judgment will be reversed, and the case remanded for a new trial.

Norton & Pinney and A. T. Brewer, for plaintiff in error.

E. J. Blandin and Squire, Sanders & Dempsey, for defendant in error.