Robert M. Simons v. The Iowa State Traveling Men's Association, Appellant.

102 267
105 721
102 267
139 40

**Insurance:** NOTICE OF ACCIDENT. A letter by a member of an association insuring against accidents, stating that he had badly sprained his right foot, from favoring his left foot which had been previously injured, does not constitute sufficient notice of an accident to the right foot caused by stepping from a street car. Such notice must state the cause as well as the nature of the injury.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

TUESDAY, MAY 18, 1897.

ACTION on a beneficiary certificate issued by the defendant association. Judgment for plaintiff, and defendant appealed.—*Reversed.*

*Cummins, Hewitt & Wright* for appellant.

*W. H. McHenry* for appellee.

GRANGER, J.—The plaintiff is a member of, and the holder of a certificate in, the defendant association, which was an indemnity against loss by accident; the association agreeing to pay twenty-five dollars per week in case plaintiff should become disabled and unfit for the transaction of business by accident, and due notice of the accident shall be given the association within thirty days from the happening of the accident. This action is for disabilities resulting from an accident occurring March 2, 1892, at Omaha, Neb. A defense to the action is that due notice was not given. The following is the provision of the constitution of the association requiring notice of an accident because of which indemnity is asked: "Sec. 4. Whenever any member of this association in good standing shall by accident become disabled and unfit for the transaction of business (provided said accident shall not happen while said member is under the influence of intoxicating liquors or narcotics), and due notice of said accident shall have been given the association within thirty days from the happening of said accident, and shall furnish the board of directors with suitable proofs of his disability, he shall receive from this association the sum of twenty-five dollars per

week for the time said disability continues, not exceeding fifty-two weeks. But no claim for weekly benefits shall be made after thirty days from the date said claim accrues." It will be seen that the notice required is not of the disability, but of the accident. The notice claimed to have been given is by letters that were written within the thirty days from March 2, 1892, but the claim of appellant is that they do not give notice of an accident. To properly judge of the sufficiency of the notice, it will be well to have in mind the facts as to the accident of which notice was required. They can be no better presented than in the language of plaintiff in his testimony as follows: "Am the plaintiff; forty-seven years old. Was a member of the defendant association in March, 1892, and am yet. Was in Omaha on the second of March, on the Dodge street car. I went to get off the car on the corner of Thirteenth and Dodge streets, and just as I went to step off, the conductor pulled the bell. The car started, and I came down on my right foot, having a grip full of coffee in my right hand and a cane in my left. I fell on my knee, partially. I just picked myself up, and my foot hurt me. I then went to the Millard Hotel, about fifty feet, where I stayed the rest of the day. I struck the ground with my right foot. The surface was cobblestone and asphalt,— large, square blocks. I fell onto the knee. The fall didn't produce a pain in the knee; it was in the foot at the time. Of course, it extended up the leg. I didn't notice any particular illness at the time, except in the foot. It hurt me when I struck the ground, I came down so hard. My weight is two hundred and thirty pounds; my height, five feet eight and one-half inches. I wear a six and one-half shoe. I met in the Millard hotel the clerk and Mr. Hahn, whose testimony has been read. I remained in Omaha a couple of days before I went home. I

arrived in Lincoln the second day after. Dr. R. E.
Giffen, my family physician, was called. My foot
was swollen, and some inflamed. There was no pain
in the ankle joint, to speak of. It seemed to be more
in the heel than any place. The pain in my foot
seemed to be in the heel, and right in the center of
the heel." There is no pretense but that the recovery
is sought because of the accident in stepping from the
street car in Omaha, March 2, 1892. It will be seen
that it was a well-understood accident, with the dis-
abilities immediately following. To properly under-
stand the letters claimed to constitute the notice, it
will be well to state that in August, 1891, the plaintiff
met with an accident resulting in injury to his
left foot, of which notice was given, and the
weekly indemnity was paid therefor, and it is
to this injury that reference is made in the
letters. March 7, 1892, plaintiff wrote the secretary of
the association as follows: "Lincoln, Neb., March 7,
1892. F. E. Haley, Esq., Secty. Iowa State Traveling
Men's Ass'n, Des Moines, Iowa—Dear Sir: I write to
inform you that by the advice of my physician, Dr. R.
E. Giffen, of Lincoln, Neb., who has been attending
me during and since my injury in August, during
which time I have been and am very lame; that he
examined my right foot on Saturday, March 5, '92, and
ordered me to lay up in bed or room, and under no
circumstances to walk on it, as I had badly sprained
the metatarsal bone of same and that was the cause of
my disability, and it was caused from being lame and
favoring my left foot that was injured Aug. 6, '91. I
am not able to walk or work and so write to inform
you of the fact. With regards, am truly yours, Robt.
M. Simons." In another letter, under date of March
twelfth, in answer to one from the secretary, plaintiff
says: "I can clearly prove the cause of my being
again laid up as to be from former accident." Again,

in a letter of April 8, 1892, after the thirty days, the plaintiff said: "There is no disease about it, and the doctor asked me when I had sprained the foot. I could not say, only at Omaha, March second, I was so lame I could not work. The supposition was that I had favored the left foot, and, by doing so, sprained the right one." These letters are the only claim of notice, and, while the two last ones contain considerably more than is set out, there is not even an indirect reference to the accident. The accident of which notice was to be given is not the injury alone, but the cause of it. By the letters, but one cause is indicated for the disability or injury in question, and that is the added strain upon the right foot in consequence of favoring the left one,—not yet strong, because of the former accident. This action is not to recover for such a case, and no such claim is made. The accident described in the petition is substantially that stated by plaintiff in his testimony, and it is said in the petition that the "injury was the direct result of the accident above stated." The cases make some exceptions as to the time in which notice may be given, where the facts were not, and could not be, known, so as to conform to the manifest intent of the parties to the contract, even though against its strict letter, but the issues here present no such question. In this case no notice was ever given of the accident for which recovery is sought, and it is to be conclusively said that, when the letters were written, indemnity because of such an accident was not contemplated. None of the authorities cited by appellee bear on this question. Error was assigned upon the action of the district court holding that the letters constituted sufficient notice. In this we think the court erred, and the judgment will stand REVERSED.