D. W. HART v. NATIONAL MASONIC ACCIDENT ASSOCIATION, Appellant.

| | |
|---|---|
| 105 | 717 |
| 108 | 392 |
| 105 | 717 |
| e119 | 174 |
| e119 | 176 |
| 119 | 266 |
| 105 | 717 |
| 121 | 50 |
| e121 | 730 |
| e121 | 731 |
| 122 | 266 |
| 105 | 717 |
| 134 | 578 |

**Insurance:** CONTRACT CONSTRUED. The weekly indemnity for loss of time and the indemnity for loss of a foot provided in a certificate of accident insurance may both be recovered, although they result from the same accident, if the total indemnity does not exceed the limit fixed by the terms of the contract.

ASSESSMENT: *Judgment for fixed sum.* A judgment at law may be rendered for the fixed amount provided by a certificate of accident insurance notwithstanding a provision that the indemnity shall not exceed the amount to be realized from one quarterly assessment from the members of the association at the date of the accident, if it appears from other provisions that such assessment though limiting the amount of the indemnity does not furnish the sole source of its payment; and it is incumbent upon the association to plead and show the fact that an assessment would not produce such amount if it seeks to reduce the recovery on that ground and it is not necessary for the insured, in the first instance, to compel the association to make an assessment even though it shows that it has no funds in its possession with which to pay the amount due.

MISREPRESENTATION OF CALLING: *Knowledge of insurer.* A certificate in an accident insurance association is valid and will take effect according to its terms notwithstanding that the insured was engaged in a more hazardous employment than those included in the class in which he was insured where the certificate was issued with knowledge by the insurer of the character of the insured's employment, but with the understanding that he was to change his occupation, and the insured had abandoned the more dangerous occupation before the accident, although he had not commenced the new employment.

NOTICE: *Pleading.* The sufficiency of the notice given to an accident insurance association in compliance with a by-law was not put in

issue in an action upon the insurance certificate, tried while code 1873, section 2715, was in force, by a general denial of the petition, which averred that the plaintiff had complied with all the conditions and provisions of the articles and by-laws to be kept and performed by him, and in view of the provision of that section that in pleading the performance of conditions precedent in a contract, it is not necessary to state the facts constituting such performance, but the party may state generally that he has duly performed all the conditions on his part, and section 2717, providing that if either of the allegations contemplated in the three preceding sections is controverted, it shall not be sufficient to do so in terms contradictory of the allegations, but the facts relied on shall be specifically stated.

**Compromise and Settlement.** The sending of a check payable to a creditor, to a bank, with directions to deliver the same to the creditor and to obtain his signature to an enclosed receipt, in response to a letter from a creditor that he would accept a check for a specified amount in full of his claim, without directions to send it to the bank, does not constitute a settlement where it does not appear what disposition of the check was made by the bank.

**Appeal:** CONDITIONAL AFFIRMANCE. When the jury is not directed to allow interest and it may be ascertained from the verdict that interest in a certain sum is included, the district court should on motion for new trial, grant same unless the said sum is remitted, and if this be not done this court may, on appeal, order an affirmance conditioned upon a remittitur of said sum. and that if the sum be not remitted the judgment be affirmed with a modification reducing the judgment by a deduction of said interest.

HARMLESS ERROR. *Pleading.* Error in permitting plaintiff in an action on a policy of accident insurance to testify that he had read the certificate and the articles of incorporation and by-laws of the association and had complied with all of them is not prejudicial where the averment in his petition that he had complied with all the conditions precedent was not sufficiently denied in the answer.

*Appeal from Polk District Court.*—HON. W. A. SPUR-RIER, Judge.

TUESDAY, MAY 24, 1898.

ACTION at law on a certificate of membership issued by the defendant. There was a trial by jury

and a verdict and judgment for the plaintiff. The defendant appeals.—*Reversed.*

*Clark Varnum* for appellant.

*Berryhill & Henry* for appellee.

ROBINSON, J.—On the sixteenth day of August, 1893, the defendant issued to the plaintiff the certificate of membership in suit. It purported to provide for the payment to the plaintiff of weekly benefits in case of his disability while it was in force, and for the loss of a foot, and for other results of accidents, which need not be mentioned. On the twenty-sixth day of October, 1893, the plaintiff, while in Chicage, fell in front of a street car. It passed over him, cut off his left foot, and seriously injured the other. He claims that he was continuously disabled by the accident for a period of forty-nine weeks ; and seeks to recover one thousand, two hundred and twenty-five dollars for that disability and two thousand, five hundred dollars for the loss of the foot, with interest on both sums from the first day of October, 1894, at the rate of six per cent. per annum. The judgment rendered was for the sum of four thousand, three hundred and forty-nine dollars and forty-seven cents, besides costs.

I. Soon after the accident, the plaintiff notified the defendant of it, and filed proofs of the injuries received. On the twenty-first day of February, 1894, the plaintiff signed, and delivered to an officer of the defendant, a writing, of which the following is a copy: "Dodge City, Kansas, 2–21, '94. To the Executive Committee of the National Masonic Accident Association—Gentlemen: If you will send check for six hundred dollars, payable to my order, within one week from this date, I will give you rec't in full of all claim I have against said association. 2d. If the above is

not agreeable, I request that you waive the arbitration clause in the certificate of membership. 3d. If agreement No. 1 is accepted, the association to not make it public for twelve months. D. W. Hart."

On the twenty-sixth day of the same month the defendant mailed to the cashier of the First National Bank of Dodge City a check for six hundred dollars, payable to the plaintiff, with a letter which directed the cashier to deliver the check to Hart, and to obtain his signature to a receipt which was also inclosed. On the same day the defendant mailed a letter to the plaintiff, informing him of what had been done, and requesting him to call at the bank and receive his money. The defendant pleaded this transaction as a settlement, and complains because the court refused to submit any question respecting it to the jury. The writing did not authorize a delivery of the check by sending it to a bank; and the evidence does not show whether the bank received the check, nor what became of it. An employe of the defendant, who mailed it and the letter to the bank, states that she does not think the defendant has the original letter or receipt, and that she has never seen them since they were sent out; but she does not state that she would have seen them had they been returned, and does not say that she has not seen the check. The check may have been returned to the defendant, but, however that may be, it does not appear that it was ever tendered to the plaintiff. The evidence merely showed a proposition for settlement, and an acceptance, but fails to show payment. That was not sufficient to constitute a defense to this action. See *Bradley v. Palen*, 78 Iowa, 126; *Hall v. Smith*, 10 Iowa, 45. The district court therefore properly withdrew the question of settlement from the consideration of the jury.

II.   The certificate was expressly made subject to
all the conditions and provisions of the articles of
incorporation and by-laws of the defendant.   Section
twenty of the by-laws provides that in case a member
of the association shall sustain any bodily injury,
induced by external, violent and accidental means,
sufficient to entitle him to any benefits, "a written
notice must be given by the member to the secretary
of the association, at Des Moines, Iowa, within ten
days after the time when the injury was received,
which notice must contain full particulars of the
injury, the time, place and circumstances under which'
it occurred, and the full name, address and occupation
of the member.   Such notice must be signed by the·
member.   No benefits can accrue or be paid because·'
of any accident or injury unless the notice of injury.
above specified has been given within the time;.
and by the person, above specified."   The·
defendant contends that the notice required by
that section was not given until the eighth day of'
November, 1893, or more than ten days after the injury
in question was received; and that it appears that the
formal notice, on a blank furnished by the defendant,
was not filled out and returned to the latter until the
date last specified.   The defendant had the right to
insist upon the notice required by its by-laws.
*Simons v. Association*, 102 Iowa, 267.   On the second
day of November, 1893, the defendant wrote to the
plaintiff, stating, "We are in receipt of your favor,
dated the 31st ult., stating that you have met with an
accident."   This statement contains the only evidence·
of the contents of the letter of the plaintiff, to which
it was an answer, which has been called to our atten--
tion.   It does not show that the letter contained the·
information required by the by-laws.   It is said by
the plaintiff that the sufficiency of the notice was not
questioned by the pleadings.   The burden was on the·

plaintiff, in order to recover, to show the facts which constitute a complete cause of action. To show an accident and resulting injuries was not sufficient. The contract between the parties provided that "no benefits can accrue or be paid" until the required notice should be given. But section 2715 of the Code of 1873, which was in force when this action was tried in the district court, provided that, "in pleading the performance of conditions precedent in a contract, it is not necessary to state the facts constituting such performance, but the party may state, generally, that he duly performed all the conditions on his part." Section 2717 provides that, "if either of the allegations contemplated in the three preceding sections is controverted, it shall not be sufficient to do so in terms contradictory of the allegation, but the facts relied on shall be specifically stated." The plaintiff alleged in his petition that he had "complied with all the conditions and provisions of the articles of incorporation and by-laws of said association on his part to be kept and performed, and that by the terms of said certificate he is entitled to the sum of two thousand five hundred dollars for the loss of his said foot, and the further sum of one thousand two hundred and twenty-five dollars, being the sum of twenty-five dollars per week for a period of forty-nine weeks, during which time he has been continuously disabled." The certificate provides that the member is entitled to the benefits appertaining to the class to which he belongs, subject to the conditions and provisions of the articles of incorporation and by-laws. The averment of the petition which we have set out was a general statement to the effect that the plaintiff had performed all the conditions of the contract on his part, and was sufficient, under section 2715. The answer of the defendant contained a general denial, but the facts relied upon to show that due notice had

not been given were not stated, and therefore the sufficiency of the notice was not in issue. See *Brock v. Insurance Co.*, 96 Iowa, 39; *Clark v. Riddle* 101 Iowa 270.

III. The certificate states that the occupation of the plaintiff was that of a coal merchant, and that he was a member of class one of the association. By the terms of the certificate, members of that class might become entitled to weekly benefits of twenty-five dollars, and to two thousand five hundred dollars for the loss of a foot. The evidence shows, and the plaintiff admits, that when he applied for the certificate, and when it was issued to him, he was conductor of a railway train. Members of that occupation belong to class five of the association, and could not become entitled to weekly benefits of more than ten dollars, nor to more than six hundred and twenty-five dollars for the loss of a foot. The plaintiff claims that, when he made his application for the certificate in suit, he informed the defendant that he was a railway conductor, but that he intended to leave the service of the railway company about the first day of the next September, to commence dealing in coal, and that he wished the certificate dated September 1; that he intended to change his occupation as stated, but was unexpectedly obliged to continue in the service of the company until about October 1st, at which time he stopped working for it, and took a leave of absence for forty-five days, but with the intention of not resuming that work. He was not employed as a conductor when the accident in question occurred. It is only necessary to say with respect to this branch of the case that, if the claims of the plaintiff which we have referred to are well founded, the fact that the plaintiff was not a coal merchant when the certificate was issued did not render it void. If it was issued with knowledge on the part of the defendant of the fact that the plaintiff was then a railway conductor, but with the

understanding that he was to change his occupation to that of a coal merchant, it would take effect according to its terms, and was valid.

IV. It is insisted that the liability of the defendant, if there be any, is to make and pay over the proceeds of an assessment, or so much thereof as is necessary to pay the amount to which the plaintiff shows himself to be entitled. One of the conditions upon which the certificate was issued is stated as follows: "This association does not agree to pay to any certificate holder or beneficiary, in any case, either by way of indemnity or benefit, a greater sum than is realized by said association from one quarterly payment of two dollars made and collected from those who were members at the date of the accident." A similar limitation is contained in article 9 of the articles of incorporation of the defendant. Article 8 of those articles provides for the payment by each member of the association of quarterly dues of one dollar, and of assessments for the payment of benefits to be made in sums of two dollars each. It also provides that: "Satisfactory proof of death or injury by accident to any member of the association in good standing having been received by the secretary, should there not be a sufficient amount of funds in the treasury, or provision made therefor, to pay the claim, an assessment of two dollars shall be made on each member. Should the amount received from such assessment be greater than that required to pay all adjusted claims, the surplus shall be held and used in payment of future claims." It is also provided that, if the quarterly dues shall produce more revenue than is required to properly conduct the business of the association, the excess shall be applied to the payment of claims. It thus appears that a claim is not necessarily to be paid from the proceeds of an assessment made for that especial purpose. The certificate provides for the payment of

fixed sums, not to exceed in amount the sum which would be realized from one quarterly assessment of two dollars collected from those who were members of the association at the date of the accident. But, although that fixes the maximum amount of recovery on a claim, it does not, under the various provisions we have considered, fix the source from which a claim shall be paid. The contract differs in that respect from those considered in *Rainsbarger v. Association*, 72 Iowa, 191, and *Bailey v. Association*, 71 Iowa, 689. The cases of *Neskern v. Association*, 30 Minn. 406, (15 N. W. Rep., 683), *Metropolitan Safety Fund Accident Association v. Windover*, 137 Ill. Sup. 415, (27 N. E. Rep., 538), and *Society v. McKay*, 140 (Ind. Sup.) 415, (40 N. E. Rep., 910), are more nearly in point. We are of the opinion that the certificate in suit is a contract for the payment of fixed sums of money upon the happening of special contingencies, but subject to the limitation that the liability of the defendant shall not exceed the sum which could be realized from one quarterly payment made by persons who were members of the association at the time of the accident; that it must be presumed, in the absence of a showing to the contrary, that the sum which would be realized from such payment would be sufficient to pay the sums for which the certificate provides; and that, if it would not be sufficient, it is necessary for the defendant, in order to reduce the amount of the plaintiff's recovery, to plead and show the fact. It is not necessary, in the first instance, to compel the defendant to make an assessment, even though it show that it has not in its possession funds with which to pay the amount due; but an action at law may be maintained to obtain judgment for the amount shown to be due, and a recovery for that amount be had, unless it be reduced by a showing on the part of the defendant that it would exceed the amount which an

assessment of two dollars made upon persons who were its members at the time of the accident would produce. The defendant did not plead or prove any fact which would have reduced the amount for the payment of which the certificate, on its face, provides.

V. The defendant complains of rulings on the admission of evidence. The plaintiff was permitted to testify that he had read every word in the certificate and the articles of incorporation and by-laws of the defendant, and that he had complied with all of them. We think this testimony was erroneously admitted, as stating the conclusion or opinion of the witness; but as it tended to prove what was alleged in the petition, and was not sufficiently denied in the answer, the admission was without prejudice. We think that objections made by the defendant to other evidence which was introduced were well founded, but it related to unimportant or undisputed matters, and prejudice could not have resulted from it.

VI. The appellant contends that, if the plaintiff is entitled to recover for the loss of his foot, he is not also entitled to recover for weekly benefits. The certificate provides, in terms, for the payment of weekly benefits and for the loss of a foot in certain contingencies. We do not find anything in the certificate, or in the articles of incorporation or by-laws, which justifies the conclusion that a member might not recover for the loss of a foot and for the loss of time caused by the same injury. The disability for which weekly benefits are allowed is that which disables a member, and prevents him "from attending to any and every part of his business." The limitation on the amount of recovery, aside from that which results from the insufficiency of an assessment to yield the sum fixed by the certificate, is stated in a by-law as follows: "Provided, however, that the total amount

to be paid by the association in any one year, or for any one accidental injury, shall not exceed the mortuary benefit of the class to which the member belongs, or in which he should be classed, because of his occupation, act, or employment, when injured." The mortuary benefit which accrues on account of the death of a member of the first class is five thousand dollars; and on account of the death of a member of the fifth class, one thousand two hundred and fifty dollars. Although the limitation quoted is not invoked in this case, it tends to refute the claim of the appellant that a recovery cannot be had for the loss of a foot, and also for the disability which resulted from it.

VII. The charge of the court authorized the jury, upon the finding of certain facts, to allow the plaintiff two thousand five hundred dollars for the loss of his foot, and twenty-five dollars per week for each week he was wholly and continuously disabled, not to exceed a total of fifty-two weeks; but the jury was not directed to allow anything for interest. The verdict returned was for the sum of four thousand three hundred and forty-nine dollars and forty-seven cents. The evidence shows, without conflict that the plaintiff was continuously disabled for more than fifty-two weeks. Therefore it is evident that the verdict included two thousand five hundred dollars for the loss of the foot, and one thousand three hundred dollars for continuous disability, and that the remainder of the verdict, or five hundred and forty-nine dollars and forty-seven cents, was for interest, and under the charge of the court, unauthorized. Attention was called to this error by the motion for a new trial, but it was not corrected, and judgment was rendered on the verdict. In that the court erred. It should have granted a new trial unless the plaintiff had consented to remit the sum stated. We conclude that for its failure to do so its judgment must be reversed, unless

the plaintiff shall, within thirty days from the filing of this opinion, file in this court an election to remit the sum of five hundred and forty-nine dollars and forty-seven cents, with interest thereon at six per cent per annum from the twenty-sixth day of October, 1896. If such an election is filed within the time stated, the judgment of the district court will be modified and affirmed; but, if it be not so filed, the judgment will stand reversed.

VIII. The appellant complains of various portions of the charge given, and of the refusal of the court to give certain instructions asked, and of other rulings; but we do not find prejudical error in any of the rulings thus questioned. The controlling questions are disposed of by what we have said.—REVERSED.