EMINENT HOUSEHOLD OF COLUMBIAN WOODMEN *v.* BUNCH.

[South. 540, Division B.]

1. JUDGMENT. *Res judicata. Evidence.*

    To sustain a plea of *res adjudicata,* the evidence must show that the cause of action is the same.

2. JUDGMENT. *Res judicata. Health insurance. Disability.*

The fact that plaintiff brought a suit on a health insurance policy for permanent total disability in which it was determined that he was not totally disabled, did not preclude him thereafter from instituting another suit upon the policy whenever the condition of permanent and total disability did exist and could be proven; although the infirmities proven in the second trial were the same as in the first except that they had grown worse.

3. INSURANCE. *Total disability.*

The fact that insured resigned his office of justice of the peace should not discount his claim of permanent and total disability or impeach his testimony. If his physical condition was such that he could not perform, in the main, the duties imposed by law, then he was not only justified in resigning but it was his duty so to do.

4. INSURANCE. *Health insurance. Policy. Construction.*

Under an insurance policy, giving half the total insurance for the loss of an eye with the option "to continue this covenant in force, till death" when the other half will be paid, where insured collected one-half of the policy for the loss of an eye, this did not convert the remainder, into an ordinary life policy, and prevent recovery for further accidents, since the clauses of the policy conferring the right of recovery for the loss of an eye and the right to recover for total disability constitute separate and valuable provisions, and rights and contracts of this character should be construed most strongly against the company and in favor of the insured.

5. ACCIDENT INSURANCE. *Partial disability. Later permanent disability.*

Under an accident insurance policy providing for indemnity for partial and total disability, where insured received indemnity for the loss of an eye and broken leg, he may still recover for permanent total disability, although the lost eye and broken leg contribute to the perment total disability.

6. INSURANCE. *Policies and by-laws. Which prevail.*

If there is a conflict between an insurance policy and the by-laws of the association, and the policy as issued is within the power of the association under its charter of articles of organization, the policy must prevail.

7. INSURANCE. *Accident insurance. Permanent disability.*

An insured is entitled to recovery under an accident insurance policy providing for indemnity for permanent disability where he is shown to be old, practically blind, a paralytic and cripple.

APPEAL from the circuit court of Yazoo county.

HON. W. H. POTTER, Judge.

115 Miss.—33

Suit by J. D. Bunch against the Eminent Household of Columbian Woodmen. From a judgment for plaintiff, defendant appeals.

Appellant, a fraternal insurance company, prosecutes this appeal from a judgment rendered by the circuit court of Yazoo county in favor of J. D. Bunch, appellee, in the sum of two thousand three hundred dollars. The action was based upon a combination life, health, and accident insurance policy or "covenant" issued April, 1906, the value of which accumulated in accordance with its age, but in this case conceded to give appellee protection in the total sum of five thousand dollars. The covenant contains several provisions insuring the "guest," as the member is denominated, against accident and permanent disability, the more important provisions being as follows:

"On satisfactory proof of total and permanent disability at any age, this guest shall have the option to receive the value of this covenant at the time of such disability, in one sum, or in five, or in ten, equal annual installments. Old age shall be cause of disability after seventy.

"In event of loss of one hand, one foot or one eye, this guest shall have the option to accept one-half the value of this covenant at the time of such loss, in one sum or in five equal annual installments, and shall further have the option to continue this covenant in force till death, in which case the additional half of the same will be paid with its further accumulation.

"In event of broken arm or broken leg after this covenant has accumulated its full denomination, this guest shall receive two hundred dollars, or at an earlier date, the same percentage of the value of the covenant as this sum would be of its full cumulative denomination."

Mr. Bunch, a farmer by occupation, appears to have been in good health at the time the policy was issued to him and paid all premiums and assessments required, but beginning in the year 1910 he became the subject of

a series of misfortunes and illness. According to the proof, in the year 1910 he suffered a stroke of paralysis, and from the effects of this he partially recovered, and for this he made no claim under his policy. In 1912 he fell and stuck a hay wire in his left eye, and from this accident he lost the use of his left eye, and in fact the eyeball had to be removed. For this injury appellee, under the terms of his policy, collected two thousand five hundred dollars, or one-half, in one sum. Soon after the injury to the eye, appellee broke his left arm near the wrist, and subsequently was thrown from his horse and had his right hip fractured. Mr. Bunch claims that his physician advised that he would recover, and for this reason he put in a claim for a broken leg and received under his policy two hundred dollars therefor. In September, 1915, appellee instituted a suit in the circuit court claiming permanent disability under the terms of his covenant and asked judgment on the policy for the balance of two thousand three hundred dollars. Issue was joined in this case, and upon trial of the cause in November, 1915, there was a peremptory instruction in favor of the defendant based largely upon the theory that plaintiff at that time was holding the office of justice of the peace and able to attend at least to a part of the duties of his office. Judgment was entered for the defendant in said suit, but in March, 1916, plaintiff, having resigned his office of justice of the peace, instituted another action against appellant, claiming total and permanent disability, and this action is the one now before the court. A demurrer to the declaration was overruled, and thereupon the defendant interposed the plea of *res adjudicata,* in addition to other pleas denying liability. Upon the trial of this second suit the evidence for the plaintiff stands undisputed. The defendant introduced the record of the first trial upon the issue of *res adjudicata* and earnestly contends that the present action is barred. There was a verdict and judgment in favor of the plaintiff, from which this appeal is prosecuted. The first assignment challenges

the court's action in overruling the demurrer to plaintiff's declaration and presents for interpretation the covenant sued on. Counsel for appellant construe the clause in reference to the loss of an eye as meaning that the insured would have the option to accept two thousand five hundred dollars cash and end the contract absolutely, or he may continue the contract in the interest of his family for the full value of his policy, or he may accept one-half the amount of the policy and elect to continue the contract for a like sum for the protection of his family, but in this latter event he is required to continue the policy ''until death.'' Counsel for appellee challenge this construction of the covenant sued on and contend that the payment of two thousand five hundred dollars for the loss of an eye merely reduced the accumulated value of the covenant, and when plaintiff elected to continue the policy in force until his death the contract was kept alive in all of its terms and provisions, and accordingly the other important provisions of the policy, including the insurance for total disability, could be relied upon.

It is also contended by counsel for appellant that the plea of *res adjudicata* should have been sustained. It is further contended that under the by-laws in force at the time the policy was issued the plaintiff could only recover one-tenth of the amount sued on because payment must be in ten equal annual installments. The by-law relied upon seems to be the following:

''On satisfactory proof of total and permanent disability at any age, this guest shall receive the value of this covenant at the time of such disability in ten equal annual installments.''

The point is also made that because the condition of total disability resulted from injuries for which the appellant had discharged its liability by payment, no recovery could now be had for these resultant, permanent injuries.

*Campbell & Campbell, E. L. Brown* and *J. A. Teat,* for appellant.

*Holmes & Holmes* and *Barbour & Henry,* for appellee.

Stevens, J., delivered the opinion of the court.

(After stating the facts as above). The strongest point made for appellant on this appeal is presented on the plea of *res adjudicata.* The first action was upon the same policy of insurance and between the same parties. To sustain this plea, however, the testimony must show that the cause of action is the same .

In the former suit plaintiff alleges as his cause of action total and permanent disability at the time the declaration was filed. In the present suit plaintiff relies upon total and permanent disability at a later period. It appears that plaintiff relied in his first action upon total disability existing in April, 1915. In the second suit, the present action, the disability relied upon is said to have existed in December, 1915. The judgment entered by the trial court in the first suit certifies conclusively that plaintiff at that time was not totally and permanently disabled. There was no appeal from that judgment, and the parties are, of course, bound by it. But if there was no total and permanent disability at the time the first declaration was filed, this fact, conclusively adjudicated by the court, did not preclude the plaintiff from thereafter instituting a suit upon his covenant whenever the condition of permanent and total disability did exist and could be proven. The evidence upon the second trial is not contradicted, and this evidence by the verdict of the jury shows that the plaintiff at that time was totally and permanently disabled. It is true that the testimony in the second trial is strikingly similar to that offered upon the first trial. The plaintiff, when upon the witness stand each time, was required to detail the history of his troubles and to describe his pain and weaknesses. We have ex-

amined and compared the testimony of the plaintiff upon
the two occasions. Plaintiff, upon the second trial, does
not rely upon a new accident or pronounced injury, but
he does state in a general way that the use of his right
eye, through sympathy and strain, was growing worse all
the time, and that he could not see very well. He states
in a general way that the result of his former paralysis
and the lingering effects of his several injuries were
aggravated by time and age, and that his condition when
testifying the second time was "worse" than it had
been; that on account of being unable to attend to the
duties of justice of the peace, he resigned the office and
another was elected in his place. Counsel lay much em-
phasis upon the fact that Mr. Bunch filled the ancient and
honorable office of justice of the peace and voluntarily re-
signed his office.    The proof on the first trial showed that
Mr. Bunch could not then perform and attend to all the
duties of a justice of the peace, but only took affidavits and
made suits returnable before another justice.

The fact that the plaintiff resigned this office, in our
judgment, should not discount his claim or impeach his
testimony. If his physical condition was such that he could
not perform in the main the duties imposed by law, then he
was not only justified in resigning, but it was his duty so
to do. With the little emoluments of this office cut off,
plaintiff was left absolutely without an occupation, trade,
or profession. He could do no farm labor, and according
to the proof, he could not earn a livlihood at any kind of
work, physical, mental, or clerical. Unfortunately he is
a man of limited education, with no previous experience
in doing clerical work. The proof on the second trial in
this regard seems stronger than that taken upon the first
trial. Without, then, entering further into the details of
the testimony, we feel justified in concluding that the
plea of *res adjudicata* was not an absolute bar to a re-
covery in the present suit.

There is no merit in the contention that the plain-
tiff has no cause of action because he collected one-half

of the policy for the loss of an eye. The clauses of the policy conferring this right of recovery for the loss of an eye and the right to recover for total disability constitute separate and valuable provisions and rights. The policy should not be so construed as to nullify one of these clauses simply because plaintiff relied upon the other. Upon the argument of counsel for appellant, when plaintiff collected for the loss of one eye the policy ceased to be an accident and health policy, but became merely a a life insurance policy. It is elementary that contracts of this character should be construed most strongly against the company and in favor of the insured.

Closely connected with this argument is the additional contention that the total disability here relied upon is the result of injuries for which plaintiff had been paid and for which he has executed to the company a full acquittance. There is no merit in this contention. The several injuries for which plaintiff was paid, and which are covered by the express terms of the policy, conspire with the other weaknesses of the plaintiff in producing the total disability, and so it is that the result here complained of is the concurrence of those things covered and those which are not covered by the policy. As an illustration, the total loss of the left eye gave the plaintiff the right to recover one-half of the policy, and for this he was fully paid. The loss of this eye, however, is a contributing cause in producing total disability. A similar question was before the court in the case of *Anderson* v. *Ætna Life Ins. Co.*, 75 N. H. 375, 74 Atl. 1051. The court in that case, interpreting a policy similar to the one here sued on, reached the conclusion that the payment of the amount agreed upon for the accidental loss of a limb did not release the company from its agreement to pay the stipulated indemnity in event of total disability. Likewise in the case of *Hart* v. *Accident Association*, 105 Iowa, 717, 75 N. W. 508, the result reached by the court on this point is well stated by the syllabus as follows:

"The weekly indemnity for loss of time and the indemnity for loss of a foot provided in a certificate of

accident insurance may both be recovered, although they result from the same accident, if the total indemnity does not exceed the limit fixed by the terms of the contract."

Any other construction would destroy the value of the present covenant. A contrary view would lead to the position that the happening of an accident which matures a small indemnity would take away the insured's right to a much greater indemnity which would ultimately accrue to the plaintff but for the happening of the lesser injury and payment therefor. The contract does not so provide. Its very purpose was to indemnify the insured for more possible losses than one, in no event to exceed the full amount of five thousand dollars. This untenable position needs no further discussion.

Is the covenant issued to Mr. Bunch and providing for payment "in one sum" .to prevail over the by-law which provides for payment "in ten equal annual installments"? In our opinion the policy must prevail. If there is a conflict between the policy and the by-law and the policy as issued is within the power of the association under its charter or articles of organization, the policy must prevail. *McCoy* v. *Northwestern Mutual Relief Association,* 92 Wis. 577, 66 N. W. 697, 47 L. R. A. 681, and the authorities cited in the footnote. There is material difference in the financial worth of a policy, the' proceeds of which are to be paid in one lump sum, and a policy which is to be paid in ten equal annual installments. The difference in value between the two contracts needs no demonstration. In the present case the covenant was issued by the "Eminent Household." the supreme authority. Under the plan and general purposes of the appellant organization it could hardly be said that the policy as issued was beyond the power of the society. The contract then as issued and accepted should be binding upon the company. It is conceded that there is here no demand above the maximum amount stipulated for in the policy. The plaintiff has duly credited the partial

payments for the loss of his eye and the fracture of his leg, and now sues for the difference.

According to the undisputed proof, Mr. Bunch is now in advancing years and finds himself practically blind, a paralytic, and a cripple, and we believe the proof shows that he has brought himself squarely within the terms of his contract, and we see no reason to disturb the judgment of the learned circuit court.

*Affirmed.*