Kramer v. Travelers Insurance Co., Appellant.

368

Argued October 24, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Herbert R. Carroll,* and with him *John E. Cupp* and *Vought & Moser,* for appellant, cited: Cantor v. Metropolitan Life Insurance Company, 108 Pa. Superior Ct. 1; Losnecki v. Mutual Life Insurance Company of New York, 106 Pa. Superior Ct. 259.

*H. F. Bonno,* and with him *Fred B. Moser,* for appellee.

OPINION BY TREXLER, P. J., February 1, 1934:

The plaintiff had a life insurance policy in the defendant company which contained a clause waiving payments of premiums and providing for the payment of monthly benefits to the insured on his furnishing due proof to the company that he had before attaining the age of sixty, "become wholly disabled by bodily injuries or disease" and was "permanently, continuously, and wholly disabled and prevented thereby for life from engaging in any occupation or employment for wage or profit."

The contract was entered into between the parties on June 11, 1920, and the plaintiff paid annually to the defendant premiums of $247.90. In February, 1927, while the contract was in full force and effect, and before the plaintiff had reached the age of sixty, he sustained a severe injury to his left knee. He underwent two major operations; one on December 2, 1928, remaining at the hospital for two and a half weeks and being confined to his bed for two more weeks at home and then walked with the aid of crutches for about three months; and the second operation on January 13, 1930, which necessitated his sojourn at the hospital for three weeks, a period in bed for four weeks, his left leg being in a cast for four and a half months, followed by the use of crutches for a month and now being able to walk with the use of a cane.

The question in the case is whether plaintiff proved by sufficient and competent testimony that he was entitled to the benefits afforded by the policy. Was he suffering from total disability as the same is defined by the contract of the parties?

The plaintiff testified in effect that he had since the month of June, 1928, been permanently, continuously

and wholly prevented from engaging in occupation or employment for wage or profit.

His family physician testified, confirming the statements of the plaintiff, as to his several operations to which we have already alluded, that the condition of his knee exhibited an entire lack of motion, the joint having thereon a fibrous tissue which caused much pain upon the slightest motion, that he was also suffering from dropsy of the knee and that the other leg was affected in sympathy through the pelvic bone being thrown out of balance due to the shortening of the other leg. He expressed the opinion that the plaintiff was wholly disabled and came within the terms set out in the policy; that he might be employed at some highly specialized work that would not require his moving about, but that his injury would become progressively worse.

A doctor called by the defendant company testified after making a physical examination of the plaintiff, that he was not wholly disabled; he took no X-ray pictures, but looked at the leg, moving it one way and another and had plaintiff move about to determine whether or not it could be bent at the joint. Another doctor called by the defendant company testified that he examined the plaintiff at the latter's place of business, found a very slight movement in the left knee, made no measurements as to the shortening of the leg, his examination being short, occupying only fifteen to twenty minutes.

There was evidence offered to show that the plaintiff performed work of a casual nature on several occasions. Plaintiff's answer to this was that it was done at the physician's suggestion and that the attempts were unsuccessful because they resulted in aggravating his physical condition. Here there was contradiction in the testimony and unless plaintiff's testimony is not adequate to support a verdict, neces-

sarily the case had to go to the jury. There was testimony to the effect that claimant performed work, that he drove his automobile and gave directions to an employe and answered telephone calls when someone told him he was wanted. He explained his driving of the car by stating that he had to do so because he could not walk. All these occasions were sporadic. There was no evidence of continuous work. Taking the entire proof submitted, the jury could find that the plaintiff in the physical condition he is in, was incapacitated to such an extent as prevented him from engaging in any occupation or employment for wage or profit.

What is meant by "totally disabled" is very fully and ably considered by our Brother KELLER in the case of Cantor v. Metropolitan L. Ins. Co., 108 Pa. Superior Ct. 1, 164 A. 145, and many cases cited. It is unnecessary to repeat what was said there, but the discussion had, applies very directly to the present case. The fact that a man can at irregular intervals do some light work of a limited character does not prevent recovery.

The judgment is affirmed.