GEORGE A. L. IRWIN, Appellant, *v.* THE TRAVELERS INSURANCE COMPANY, Respondent.

Second Department, February 25, 1935.

*Edward E. Dean* [*Joseph F. Soviero* with him on the brief], for the appellant.

*Bernard J. McGlinn* [*Louis P. Galli* and *William J. Moran* with him on the brief], for the respondent.

CARSWELL, J.   The defendant insured plaintiff, a physician, under two policies, against loss of time due to accident.   On September 11, 1930, he was struck on the head with a blackjack under circumstances treated as within the terms of the policies. He filed a claim and received $377.15 as full payment for disability during the period from September 11, 1930, to October 6, 1930. On the latter date he resumed practice, but again became disabled on December 26, 1930, and so continued until April 1, 1931.   He thereupon began this action to rescind the release and settlement for the first period and to recover $2,842.84 as indemnity, which included the second period of disability.   His complaint was dismissed after defendant adduced its evidence, and from the judgment entered thereon he appeals.

Whether plaintiff is entitled to indemnity for this second period of disability under the two policies is determined by the meaning and effect of one paragraph common to both policies and to claims thereunder for total loss of time as well as partial loss of time.   There is provision for indemnity in the event of injuries causing " total loss of time," " if such injuries, independently and exclusively of all other causes, shall *wholly and continuously disable the Insured from the date of accident* from performing any and every kind of duty pertaining to his occupation, the Company will pay, so long as the Insured lives and suffers such total disability, weekly indemnity at the rate hereinbefore specified, $50.00."

A similar clause provides for a different sum in the event of " partial loss of time."

The question presented is whether or not the eleven-week period, when plaintiff was not disabled, between October 6, 1930, and December 26, 1930, takes his claim for the second period of disability without the above clause.   Do these policies cover a recurrent period of disability, assuming that the second period of disability was due to ailments having origin in the accident of September 11, 1930?

The above-quoted clause provides for indemnity for disability — not for the possession of an injury, unless that injury produces disability in whole or part.   It requires that the disability, independently of all other causes, " shall wholly and *continuously* disable the Insured from the date of accident from performing   *   *   *

duty pertaining to his occupation." This language excludes indemnity for disability suffered in a second period (following one in which there has been no disability) as a consequence of a recurrence of the disability originating at the time of the accident and which original disability had terminated. Its precise terms limit protection or coverage to a *continuous* period of disability " from the date of accident." When the disability period ends after that " date of accident," a recurrence of disability, although possibly chargeable to the original accident, does not give rise to a right to indemnity. This is the plain effect of language obviously designed to limit indemnity to a continuous period of disability so as to avoid litigation with respect to the cause of a disability claimed to have recurred; that is, as to whether the new or second period of disability was due to the original accident or had its origin in an independent or subsequent cause. The language is apt to that end. It is clear and unambiguous and is, therefore, to be enforced in its plain, ordinary and proper sense. (*Preston* v. *Ætna Ins. Co.*, 193 N. Y. 142, 144, per CULLEN, Ch. J.) A similar clause has received a like interpretation. (*Ruffino* v. *Metropolitan Life Ins. Co.*, —— Misc. ——.)

These views make unnecessary a consideration of any other question urged, and require that the judgment be affirmed, with costs.

Present — LAZANSKY, P. J., YOUNG, CARSWELL, SCUDDER and JOHNSTON, JJ.

Judgment unanimously affirmed, with costs.