HENRY LAPKIN, Plaintiff, *v.* EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Defendant.

Supreme Court, Special Term, Bronx County, June 28, 1943.

*Louis B. Davidson* for plaintiff.

*William R. McDermott* for defendant.

LEVY, J. Plaintiff moves for summary judgment pursuant to rules 113 and 114 of the Rules of Civil Practice. The action is on a noncancelable policy which provides, among other things, for indemnity for disability caused by disease. Premiums are payable for the full benefits during the disability and they have been paid. Plaintiff seeks to recover the maximum benefits less sums already received. The pertinent provisions are as follows:

" PART III. INDEMNITY FOR DISABILITY CAUSED BY DISEASE.
WEEKLY INDEMNITY.

" A. If such disease shall wholly and continuously disable the Insured and prevent him from performing any and every duty pertaining to his occupation and shall confine him to the house, the Society will pay the weekly indemnity hereinafter specified and within the limit hereinafter named, for the period of such confinement to the house.

" B. Or, if such disease shall wholly and continuously disable the Insured and prevent him from performing any and every duty pertaining to his occupation but shall not confine him to the house, the Society will pay weekly indemnity of one-half the amount hereinafter specified and within the limit hereinafter named, for the period of such disability, whether preceded by a period of confinement to the house or not.

" Indemnity under Part III, subdivisions A and B, for confining or nonconfining disability, singly or combined, shall be payable for not exceeding two hundred weeks, in the aggregate during the currency of this policy."

By stipulation the complaint is deemed amended so as to embrace any period covered by any proof of claim filed with the defendant after commencement of the suit. The disability commenced January 10, 1940, and the last proof is dated March 31, 1943, or an elapsed period of 167 weeks, 2 days. The complaint, however, proceeds upon the theory of anticipatory breach and seeks to recover the sum of $20,000 for the entire contract period of 200 weeks upon the basis of substantial house-confinement. Nevertheless, for the purpose of this motion only, plaintiff abandons that theory and asks partial judgment for the maximum benefits for the elapsed period of 167 weeks, 2 days, or $16,728.58 less $3,457.08 already received.

Defendant does not dispute that plaintiff is wholly disabled within the meaning of the contract. It contends, however, that an intervening period of non-house-confinement would deprive plaintiff of any claim to benefits upon the basis of house-confinement occurring after a period of non-house-confinement and that the question of house-confinement is in issue. With respect to the first claim, it concedes that there is no judicial interpretation directly involving the provisions under consideration but relies upon cases construing what it believes to be similar provisions. (*Irwin* v. *Travelers Ins. Co.*, 243 App. Div. 377; *McGrail* v. *Equitable Life Assur. Soc.*, 263 App. Div. 439; *Ruffino* v. *Metropolitan Life Ins. Co.*, 154 Misc. 628.) Those cases, however, are not in point and do not support the contention. The plaintiffs there sought recovery of benefits for accidental disability and the contracts provided protection or coverage for a continuous period of disability " from the date of accident ". A recurrence of disability after cessation of a period of disability did not, it was held, under the language of those policies entitle the insured to indemnity. The provisions were expressly so worded as to avoid litigation with respect to the causal relation between the accident and the claimed recurring disability. The reason for the rule enunciated in those cases is not present here since the cause of any new or second period of disability arising from disease is far more readily and easily ascertainable. Moreover, while the provisions of the present policy require the conjunction of a wholly and continuously disabling disease, prevention of gainful employment and house-confinement, they do not provide that the house-confinement must likewise be

continuous from the date of onset of the disabling disease. To so hold would in effect change the contract by reading into it the word " continuously " before the word " confine ". That this was not the intention is further clear from the fact that despite any intervening period of non-house-confinement, the assured is required to continue full premium payments.

If, therefore, the issue of house-confinement is not raised, plaintiff must recover the full benefit of $100 weekly for the elapsed period of 167 weeks, 2 days. In any event, he is entitled upon this submission to one half the maximum amount upon the basis of nonconfinement.

Defendant's affidavit is made by one of its vice-presidents. It is based upon hearsay, investigations made by its employees. Insufficient legal proof is offered to raise an issue. Even if the vague and inadequate information were offered by those who made the investigation and observations, it does not appear that the alleged activities of the plaintiff outside his home were substantial. The contract does not require that he be a complete shut-in. His claim and proof of substantial house-confinement is, therefore, not placed in issue except for a period of 12 weeks, 3 days, from February 15, 1940, to May 13, 1940. Indeed, it would seem clear from the correspondence passing between the parties as late as February 14, 1941, that the defendant's refusal to pay the maximum benefits as claimed did not arise from any information which defendant may have had concerning the plaintiff's confinement following May 13, 1940, nor was any claim made in that direction. On the contrary, the refusal seems to have been based upon the defendant's contention that a period of apparent non-house-confinement between February 15, 1940, and May 13, 1940, under its view of the contract, was an intervening non-house-confinement depriving plaintiff of any claim for benefits for subsequently arising house-confinement.

As already indicated, plaintiff is entitled to recover for a period of 167 weeks, 2 days, the sum of $8,364.29 and in addition for a period of 155 weeks the sum of $7,750, or a total of $16,114.29, less $3,457.08 already received, or a balance of $12,657.21, with appropriate interest. The motion is granted accordingly. Settle order.