HASSON *v.* MUTUAL BENEFIT HEALTH & ACCIDENT ASS'N, OMAHA.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—INSURANCE—CONTINUITY OF DISABILITY.

Question as to whether or not pleadings in action upon health and accident insurance policy raised issue as to continuity of plaintiff's disability may not be raised for the first time in Supreme Court.

2. INSURANCE—HEALTH AND ACCIDENT POLICY.

One suing under a health and accident policy has burden of showing himself entitled under the policy to the amount claimed.

3. SAME—ACCIDENT—CONTINUITY OF DISABILITY.

Insured who was totally incapacitated for several months after accident, signed a release, resumed work for eight or nine months, and sought compensation for period 28½ months thereafter was not entitled to recover therefor where policy provided for disability payments only when disability was continuous, since continuity ceased upon resumption of work.

4. APPEAL AND ERROR—MISTAKE—TENDER—AFFIRMANCE WITHOUT PREJUDICE.

Where it appears that through a miscalculation plaintiff was entitled to $50 more than he had received in consideration for release of claim against insurer under health and accident policy, which amount was tendered to him at the trial, affirmance of judgment for defendant is without prejudice to plaintiff's recovery of amount so tendered.

Appeal from Wayne; Chenot (James E.), J. Submitted June 8, 1944. (Docket No. 36, Calendar No. 42,766.) Decided September 11, 1944.

Assumpsit by Ollie Hasson, also known as Alle Hassin, against Mutual Benefit Health & Accident Association, Omaha, a Nebraska corporation, on a health and accident insurance policy. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Dann & Atlas* and *Seymour Tilchin,* for plaintiff.

*Clifford M. Toohy,* for defendant.

BUTZEL, J. Defendant issued a health and accident insurance policy to Ollie Hasson in 1928. On July 25, 1939, while the policy was still in force, plaintiff met with an accident, was totally incapacitated and unable to do any work until January 2,

1940. He, however, did work after the latter date. Plaintiff's attorney claims that from January until September. of 1940, Hasson worked only intermittently. Although it would require a rather strained interpretation of plaintiff's testimony to construe it this way, it would make no difference in our legal conclusion. Plaintiff did use a cane and wore a special shoe on his left foot which was injured at the time of the accident. He claims compensation for 28½ months from and after September 19, 1940.

Plaintiff is a Kurd, unable to read or write English. On January 6, 1940, he executed a full release of all claims. It appears that he had the assistance of a friend and the latter's attorney in making out the necessary papers. Whether or not the plaintiff signed the release blindly or ignorantly is immaterial since our decision is based upon the construction of the policy, part of which under the heading "Accident Indemnities" provides:

"If such injuries as described in the insurance clause shall wholly and continuously disable the insured for one day or more."

The court in directing a verdict stated that:

"I do not see how anyone can seriously contend that this plaintiff was continuously disabled within the meaning of this policy. It is just a plain matter of fact that he was not, under his own testimony. It has been testified to here by this plaintiff that he went back to work about Christmas time of 1939, and it has been stipulated by counsel on the record, both of them, that he worked until September 17, 1940, approximately nine months, he went back to work, and he did work, and he so testified himself, for nine months.

"Now this court is asked to do violence to the plain language of this policy and say that, instead of that, he was continuously disabled.

"No; that is not common sense. It abrogates this contract. It makes an entirely different contract. And I know of no law or no theory of. law under which the court can change the contract, even though made by an insurance company, and having fully in mind and being fully aware of the rule that where there is a doubt, where there is ambiguity or uncertainty, the contract shall be construed against the insurer; but there is no ambiguity here, there is no room for construction of the contract."

The question was before us in *Letherer* v. *United States Health & Accident Insurance Co.*, 145 Mich. 310, and *Brod* v. *Detroit Life Insurance Co.*, 253 Mich. 545. In the latter case, the policy provided that there must be proof that the plaintiff had become totally and permanently disabled. We held that there was no ambiguity in the policy, that it was not a straight disability contract, and that the disability, to be compensable, must be total and permanent. In the instant case, the language is still stronger for it provides that the injuries shall wholly and continuously disable the injured. The element of time must be marked by continuity. The continuity ceased when the injured went back to work for nine months.

Defendant's answer relied entirely on the release signed by plaintiff. The trial in the circuit court resolved itself largely upon the fact that plaintiff did not show that he was continuously disabled. No question was raised in regard to the pleadings and it may not be raised for the first time in an appellate court.

A similar situation arose in *Dolsen* v. *Phoenix Preferred Accident Insurance Company*, 151 Mich. 228. The suit involved a policy of life insurance which contained a time limit for bringing suit. Although the period of time in which to bring suit had expired, this defense had been waived. The waiver

was not set up in the pleadings but evidence proving that it had been given was admitted without objection. The court held that, although plaintiff was limited in his proof to his pleadings, the evidence in question was not objected to and no error could be assigned on appeal. In the instant case, defendant never pleaded breach of condition, but there was no objection to its evidence proving it or to its raising the issue, and even if we were willing to consider the objection now for the first time, it still remained incumbent upon plaintiff to show that he was entitled to the amount claimed under the policy. In his testimony it appeared that he was not wholly and continuously disabled in accordance with the terms of the policy. It did appear that through a miscalculation, plaintiff was entitled to approximately $50 more than he had received in consideration for the release which amount was tendered to him at the trial. In affirming the judgment for defendant, it is without prejudice to plaintiff's recovering the amount so tendered.

Judgment affirmed, with costs to defendant.

NORTH, C. J., and STARR, WIEST, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.