BENJAMIN FRIEDMAN, PLAINTIFF-RESPONDENT, v. NATIONAL CASUALTY COMPANY, DEFENDANT-APPELLANT.

Argued October 3, 1944—Decided February 7, 1945.

Before Justices PARKER and COLIE.

For the appellant, *McCarter, English & Egner* (*Verling C. Enteman* and *Charles Howard,* of counsel).

For the respondent, *Herbert J. Kenarik.*

The opinion of the court was delivered by

COLIE, J.   Benjamin Friedman brought suit against the National Casualty Company upon a state of demand alleging that it issued to him a policy insuring him against loss, accident or illness; that he sustained a loss on April 10th, 1943, and became entitled to benefits thereunder, which, upon demand, the company refused to pay. From the judgment in favor of the plaintiff entered by the District Court Judge, sitting without a jury, the defendant company appeals.

The facts are that the respondent was employed by Forstmann Woolen Mill as a weaver. On April 10th, 1943, he fell in front of his home and injured his knee. The following day his personal physician was called in and rendered treatment and the fact is, as conceded in the appellant's brief, that he

was unable to go to his work until May 17th. On this date, he returned to his work and continued therein until July 3d, 1943. The nature of his duties required him to be on his feet during working hours and in connection with attending to four weaving machines, it was necessary for him, on occasion, to bend down to within a few inches of the floor. He was not able to do this, nor was he able to remove the roller attached to each of the machines and which weighed from 65 to 100 pounds, but he could do so with the assistance of a fellow-employee. As to this period, the District Court Judge found as a fact that he was partially disabled in that he could not perform "one or more daily duties pertaining to his occupation." This finding of fact is supported by the evidence and therefore unassailable on appeal. On July 3d, the condition of his injured knee, in the opinion of his physician, required that it be immobilized and as a result, the leg was placed in a cast with the result that he was unable to perform any work until August 16th. As to this latter period from July 3d to August 16th the trial court held that the respondent was totally disabled and therefore entitled to benefits under the policy on that basis.

Appellant urges us to reverse the judgment, stating in its brief that "the trial court improperly construed the policy involved in this suit and erred in determining that the plaintiff was entitled to the benefits of partial disability for the period from May 17th, 1943, until August 16th, 1943." The District Court did not find partial disability from May 17th to August 16th, as stated in appellant's brief. He found partial disability only until July 3d and the evidence sustains that finding.

The main controversy arises out of the trial court's holding that the period from July 3d to August 16th was a period of total disability within the terms of the policy so as to entitle the respondent to payment on the basis of total disability.

The pertinent sections of the policy are paragraphs A and B hereinafter set forth at length:

"Paragraph A. Accident Indemnity for Total Disability. At the rate of One Hundred Fifty Dollars per month against

total loss of time, not exceeding forty-eight consecutive months resulting solely from bodily injuries effected directly and independently of all other causes through External, Violent and Accidental means, and which immediately, continuously and wholly, from date of accident, shall disable and prevent the insured from performing any and every duty pertaining to his business or occupation; provided, *no indemnity will be paid for the first seven days of such disability.*

"Paragraph B. Accident Indemnity for Partial Disability. Or, if injuries caused and occurring as stated in Paragraph (A), shall immediately, wholly and continuously, from date of accident, disable and prevent the insured from performing one or more important daily duties pertaining to his occupation, or in event of like disability immediately following total disability, or in event of total disability not immediately following injury, but occurring within thirty days from date of injury, the Company will pay the insured for the period of such disability, not exceeding six (6) consecutive months, one-half of the rate above specified for total loss of time; provided, the combined period for which indemnity shall be payable for total and partial disability under Paragraphs (A) and (B) hereof, shall not exceed forty-eight consecutive months; provided *no indemnity will be paid for the first seven days of such disability.*"

During the period from July 3d to August 16th, when respondent had his leg in a cast, he was totally disabled in the commonly accepted meaning of that term, but we are here dealing with a policy provision which requires more than merely total disability. Paragraph A quoted above specifically provides that the period of total disability must exist "continuously and wholly, from date of accident," or "in event of total disability not immediately following injury, but occurring within thirty days from date of injury." Obviously, the second period of total disability did not occur within thirty days of the injury, but the fact is that it commenced just short of three months after the injury. We are clearly of the opinion that the second period of total disability was not continuous. In *Antonelli* v. *Newark,* 128 *N. J. L.* 531, this court accepted a definition of the adjective "continuous"

as "connected, extended or prolonged without separation or interruption of sequence; unbroken; uninterrupted; unintermitted." That definition is equally applicable to the adverb "continuously" as used in the policy now under consideration, and it is plain beyond argument that the period of total disability between July 3d and August 16th was not continuous, since the continuity of total disability was destroyed by the earlier period of partial disability extending from May 17th to July 3d. Furthermore, the prior period of partial disability, during which the respondent performed many of the duties of his occupation, precludes the period from July 3d to August 16th from coming within the policy terms relating to "total loss of time" since, having performed some duties, he cannot be said to have been "wholly" disabled. The accepted meaning of the word "wholly" is entirely; completely; fully; totally. While this particular policy provision has never been passed upon in this state, nevertheless it has been considered in Massachusetts in cases of *Wrobel* v. *General Accident, Fire and Life Assurance Corp.*, 192 *N. E. Rep.* 498; *Bouvier* v. *Craftsmen's Insurance Co.*, 13 *N. E. Rep.* (2*d*) 619, which support the views expressed above.

Although the respondent is not entitled to total disability under the policy for the period from July 3d to August 16th because the total disability was not continuous from the date of the accident, nevertheless he clearly is entitled to reimbursement on the basis of partial disability therefor.

We are also urged to reverse this judgment for the reason that the respondent failed to furnish the company with a report from the attending physician, in accordance with Paragraph K of the policy, which reads:

"(2) If the insured is disabled by injury or illness for more than thirty days, he, or his representative, shall furnish the Company, every thirty days, or as soon thereafter as may be reasonably possible, with a report from the attending physician or surgeon fully stating the condition of the insured.

\*        \*        \*        \*        \*        \*        \*

"(5) Strict compliance on the part of the insured and beneficiary with all the provisions of this policy is a condition

474

precedent to recovery hereunder, and any failure in this respect will forfeit to the Company all rights to any indemnity."

This point, while raised in defendant's specification of determinations was not set forth in the specification of defenses filed in the District Court, nor does it appear to have been raised in the trial before the District Court. In this situation, appellant may not now ·be allowed to raise it for the first time in this court, since it does not go to the jurisdiction of the subject-matter, nor is a question of public policy involved. *Walter* v. *Keuthe,* 98 *N. J. L.* 823.

For the reasons stated above, the judgment under appeal is reversed, with costs, and the cause is remanded to the end that judgment may be entered in an amount to reimburse the respondent for total disability from April 10th through May 17th and for partial disability from May 17th through August 16th.