Opinion by
 

 Hirt, J.,
 

 The plaintiff sued for total disability benefits on two insurance policies identical in form issued by the defendant. Each policy contained a provision for the payment of monthly disability benefits in an amount stated in the contract, “Upon due proof that . . . the Insured has become wholly disabled by bodily injuries or disease and will be continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit . . .” The combined total monthly benefits payable under both policies were but $29.17. On the trial of the case the jury found for the plaintiff. The court however entered judgment for the defendant n. o. v. on plaintiff’s claim for benefits, and in addition entered judgment for the defendant against the plaintiff on its counterclaim to recover the benefits paid on mistake of fact, amounting to a total of $1,166.80.
 

 Plaintiff suffered from chronic pulmonary tuberculosis at least as early as 1933 and in 1934 his claim for permanent disability benefits was honored by the defendant. Payments under both policies amounting to
 
 *367
 
 $29.17 were made monthly until February 1, 1946. As insurance carrier for Fruit Growers Express Company defendant then received notice of a claim by the plaintiff for workmen’s compensation. Plaintiff had been injured in the course of his employment with that company. This was the first notice defendant had that the plaintiff had been employed. Investigation developed that he had been working for a number of employers since November 1,1942. Plaintiff admits that, beginning with that date, he worked for U. S. Gypsum Company as a cost clerk for 12 weeks at a monthly salary of $150. During the period of that employment ending January 9, 1943, he was absent from his work perhaps 15% of the time but with overtime he earned a total of $439.35. He next worked for Blaw-Knox Company from March 23, 1943 until laid off for absence from work in May 1945. His work with that company consisted in filing burrs off metal pins, each weighing about one pound. As. part of his duties he also checked incoming materials in various parts of the plant. His wage was $30.80 per week. He testified that a fellow employe helped him by carrying materials to and from his work bench, and that he was absent because of sickness about one-half of the time. He terminated his employment with BlawKnox Company on February 2, 1945, having received a total of $2,048.07 for his services during the two-year period. He was again employed between April 17, 1945 and January 29, 1946 by Fruit Growers Express Company. His job with that company was to inspect refrigerator cars to determine whether they were properly iced. The work entailed some physical exertion. He was paid eighty cents an hour and during the 10 months of that employment he received a total of $1,418.27 and was absent from his work not more than 47 days.
 

 Although he suffered from tuberculosis, the medical testimony does not go farther than to establish that he should not have worked. He could work, however detrimental to his health, as he demonstrated by his more or
 
 *368
 
 less sustained employment over a period of upwards of 3 years. Tliis case is not one involving trivial or desultory light work performed by one at irregular intervals. And it is clear from plaintiff’s own testimony that his employment was not a trial effort merely for therapeutic purposes, such as would not bar his disability benefits under the rule of
 
 Eisenhauer v.
 
 N. Y.
 
 Life Ins. Co.,
 
 125 Pa. Superior Ct. 403, 189 A. 561, as reiterated in
 
 Pearlman v. Met. Life Ins. Co.,
 
 336 Pa. 444, 9 A. 2d 432.
 

 In a case of this class it is the plaintiff’s burden to show his inability to perform the duties of any occupation which he might be ordinarily capable of performing.
 
 Pearlman v. Met. Life Ins. Co.,
 
 supra. Cf.
 
 Wuerfel v. Metropolitan L. Ins. Co.,
 
 343 Pa. 291, 22 A 2d 747. Even giving the plaintiff the benefit of the most favorable inferences from all of the testimony the uncontroverted fact that he was gainfully employed during the period in question rebuts his contention that'he was incapable of sustained employment, and hence, the opinion evidence of his experts at the trial that he was totally disabled, is of no avail.
 
 Cobb v. Mut. Life Ins. Co. of N. Y.
 
 151 Pa. Superior Ct. 654, 30 A. 2d 611.
 

 Plaintiff’s physical condition probably was no better than many another insured who has received- benefits for total disability under similar policies. The inevitable result in this case must be harsh. Plaintiff could not live on $29.17 a month, the limit of payments under his policies, and by the terms of his contract he is barred from recovering even those small benefits because, at the risk of shortening his life and against the advice of his physician, he undertook employment to earn an income sufficient for his support and that of his family. However reluctantly, we must agree that in refusing recovery and in compelling plaintiff to repay the disability benefits to which he was not legally entitled the lower court had no alternative.
 

 Judgment affirm ed.