Guardian Life Insurance Company of America *v.* Union Trust Company (et al., Appellant).

Argued April 12, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*James E. Marshall*, with him *Marshall & Marshall*, for appellant.

*J. Campbell Brandon*, with him *W. D. Brandon*, for appellee.

OPINION BY ARNOLD, J., July 20, 1950:

This action was initiated by bill in equity upon which the chancellor had a common pleas jury answer two questions in a special verdict, which was adopted and resulted in a monetary decree for the plaintiff, and the guardian-defendant appealed.

The plaintiff issued an insurance policy to Raymondi, one of the defendants, and the contract contained a provision for the payment of monthly sums in the event of total disability. In 1926 the insured furnished proof, acceptable to the plaintiff, of such disability, and the insurer made the stipulated payments

until June 12, 1944. In 1927 the court of common pleas appointed the Union Trust Company guardian of the estate of Raymondi, the proceedings being under the Act of 1907 as amended, 50 PS Sec. 941 et seq.

The plaintiff sought, inter alia, to recover the payments which it had made to Raymondi from June 12, 1942, to June 12, 1944. Both the common pleas jury and the chancellor found that from June 12, 1942, to and past June 12, 1944, Raymondi had engaged in an occupation for remuneration or profit, to wit, the operation of pin ball and record-playing machines of the coin-in-slot variety. He owned and operated some twelve pin ball machines which were of the value of from $300 to $350 each. He employed a regular mechanic to service these. These facts were not in dispute and the findings of the jury and the chancellor have ample evidence to sustain them. Incidentally, the evidence also showed that Raymondi had received a jail sentence for operating a disorderly house and for writing "numbers."

Raymondi did not take the stand and offered no testimony of his inability to manage and operate this business. Nor did he give any testimony as to his income therefrom. This, of course, weighed against him: *Dommes v. Zuroski*, 350 Pa. 206, 38 A. 2d 73. This is not a case of a man performing some minor duties in operating a store owned by him, as in *Cantor v. Metropolitan L. Ins. Co.*, 108 Pa. Superior Ct. 1, 164 A. 145; nor of one who drives his automobile and gives directions to an employe, as in *Kramer v. Travelers Insurance Co.*, 111 Pa. Superior Ct. 367, 170 A. 700; nor the case of one doing light work or delivering occasional coal orders, as in *Milich v. Metropolitan Life Insurance Company*, 145 Pa. Superior Ct. 430, 21 A. 2d 458. In the present case the defendant-insured was the active operator of the business which he owned.

Appellant raises one other question: Is this case affected by the fact that a guardian had been appointed for Raymondi on the averment that he was mentally defective? It is contended that such appointment under the Act of 1907, as amended, is an adjudication that Raymondi was and is insane. The guardianship decree is not that broad. The Act provides for the appointment of a guardian for one who has become "so mentally defective that he . . . is unable to take care of his . . . property, and . . . is liable . . . to become the victim of designing persons." The purpose of the Act is to prevent the dissipation of the property of one who is of defective mentality, and to prevent him from being victimized. Defendants' experts testified that he had a psychopathic condition with a psychoneurotic coloring, but no psychosis. In other words, a personality defect. In any event he could be brought into court through his guardian. The issue there was whether he was operating and managing a remunerative business owned by him. None of appellant's experts claimed it was impossible for Raymondi so to do, and none of them claimed that his alleged defective mentality interfered in any degree with that business operation. The decree appointing the guardian was to save Raymondi from being the victim of designing persons. Curiously enough, the fact that the public played these pin ball machines shows that it was not Raymondi who needed the protection. The appointment of a guardian did not grant to Raymondi any greater right to impose upon the plaintiff and to take its money than if he were a sane man. Since he conducted and managed the business, the opinion of the experts that he was totally disabled cannot stand in face of the known facts: *Reardon v. Travelers Insurance Company,* 166 Pa. Superior Ct. 365, 71 A. 2d 829. In any event, neither the jury nor the court was bound to credit the experts' opinions, even if they

338

were not denied: *Kostello v. Kostello,* 159 Pa. Superior Ct. 194, 48 A. 2d 25.

Decree affirmed.