MANN, Judge.
Skinner was seriously injured in an accident. His employer had a policy providing to employees certain benefits upon a showing of disability resulting from accident or illness. The language is fairly common, and is set out in the margin.[1] The insurer paid Skinner for the two years that he was disabled from performance of his regular *578 job, and thereafter claimed that, while he may not have been able to perform his regular job, he was not “prevented by reason of said injury from engaging in each and every occupation or employment for wage or profit for which he is reasonably qualified by training, education or experience.” In a prior action in Duval County, the insurer won a verdict on this question. This second action was terminated upon a showing that the Duval County action had determined that Skinner was not disabled under this broader definition for the period involved in the earlier claim.
If the question were whether the Duval County action is res judicata of the question of present disability, we would agree that it is not. Eminent Household of Columbian Woodmen v. Bunch, 1917, 115 Miss. 512, 76 So. 540, on which Skinner mainly relies, would be persuasive. Because' one may be presently disabled from the later effects of an injury that was not previously disabling, res judicata would not apply.
But the question before us is whether the disability is continuous. Therefore, the determination that there was a period during which Skinner was not disabled within the meaning of the policy is determinative not that he is presently able to work but that he was able to work during the period involved in the prior action. If Skinner were disabled by sickness, the recurrence would be treated as a continuation by the policy’s terms, but where disability results from accident, continuity must be shown. This is the uniform interpretation of- this language in the decided cases.[2] If the language were ambiguous, it would be interpreted in the insured’s favor, but it is not ambiguous language.
Affirmed.
LILES, A. C. J., and McNULTY, J., concur.

. “Paragraph A. When, as the result of injury and commencing within thirty days after the date of the accident, or as the result of sickness and commencing while the policy is in force as to the Insured Employee, the Insured Employee is wholly and continuously disabled and prevented from performing each and every duty pertaining to his occupation and is under the regular care and attendance of a legally qualified physician or surgeon, other than himself, the Company will pay, commencing immediately following the applicable elimination .period written in the Schedule of Benefits, the applicable monthly indemnity written in the Schedule of Benefits, not to exceed twenty-four consecutive months or the applicable maximum period payable written in the Schedule of Benefits, whichever is lesser. Paragraph B. If the applicable maximum period payable as to the Insured Employee is a period in excess of twenty-four months, after the payment of such monthly indemnity for twenty-four months under Paragraph A, the Company will continue to pay such monthly indemnity for the period the Insured Employee is wholly and continuously disabled and under the regular care and attendance of a legally qualified physician or surgeon, other than himself, and prevented by reason of said injury or sickness from engaging in each and every occupation or employment for wage or profit for which he is reasonably qualified by training, education or experience for a period not to exceed in the aggregate under Paragraphs A and B hereof, the applicable maximum period payable written in the Schedule of Benefits.
“If monthly sickness indemnity is payable hereunder and if the' Insured Employee, while the policy is in force, suffers a recurrence of total disability from the same or related cause or causes, the subsequent period of total disability will be deemed a continuation of the prior period, unless between such periods the Insured Etnployee has performed the duties of his occupation on a full-time basis for at least six consecutive months, in which event, such total disability shall be deemed the result of a new sickness and subject to a new elimination period.”

. Nelson v. Combined Insurance Company of America, 155 Mont. 105, 467 P.2d 707 (1970) ; Yeager v. Pacific Mutual Life Ins. Co., 166 Ohio St. 71, 139 N.E. 2d 48 (1956) ; Friedman v. National Casualty Co., 132 N.J.L. 470, 41 A.2d 128 (1945) ; Hasson v. Mutual Ben. Health & Accident Ass’n, Omaha, 309 Mich. 331, 15 N.W.2d 659 (1944) ; Grau v. Travelers Ins. Co. of Hartford, Conn., 303 Ill.App. 212, 24 N.E.2d 882 (1940) ; Bouvier v. Craftsman Ins. Co., 300 Mass. 5, 13 N.E.2d 619 (1938) ; Irwin v. Travelers’ Ins. Co., 243 App.Div. 377, 277 N.Y.S. 724 (Sup.Ct., App.Div.1935) ; Smith v. United States Nat. Life & Casualty Co., 101 Cal.App. 79, 281 P. 413 (1929) ; Coburn v. Maryland Casualty Co., 224 Ky. 377, 6 S.W.2d 471 (Ct. of App. of Ky.1928).