Franklin L. PAYNE

v.

CONTINENTAL CASUALTY
COMPANY.

Civ. A. No. 73–1023.

United States District Court,
E. D. Pennsylvania.

March 26, 1974.

Myron Jacoby, Philadelphia, Pa., for plaintiff.

S. Gordon Elkins, Philadelphia, Pa., for defendant.

## OPINION

DITTER, District Judge.

The question in this case is whether the term "continuously disables" means that payment under an insurance contract should only be made for one period of disability. The matter is before the Court on cross motions for summary judgment.

The plaintiff, Franklin L. Payne, is a physician licensed to practice in Pennsylvania. From 1945 to 1965, Dr. Payne was a professor and chairman of the Department of Obstetrics and Gynecology of the Hospital of the University of Pennsylvania. In addition, he was the William Goodell Professor of Obstetrics and Gynecology and had a private practice at the University Hospital.

As a member of the Philadelphia County Medical Society the plaintiff applied for coverage under a group accident and health policy written by the defendant. The disputed provision of the policy reads as follows:

Part II

A. Total Disability. When injury, commencing while the policy is in force as to the Insured, wholly and continuously disables and prevents the Insured from performing the duties of his occupation, the Company will pay the Monthly Indemnity stated on the

policy back hereof for the period the Insured shall be so disabled

. . . .

On December 23, 1963, Dr. Payne fell and seriously injured his hip. He was hospitalized for six months and received total disability payments from the defendant. In July, 1965, upon reaching 65 years of age, Dr. Payne retired as chairman of the Department of Obstetrics and Gynecology, though he continued to teach for awhile and did not relinquish the Goodell professorship until March, 1967.

Starting in September, 1964, the plaintiff resumed his private practice in an office outside the University Hospital. Dr. Payne kept regular office hours, Monday, Wednesday, and Friday, and operated on Tuesday, Thursday and Saturday. He also made twice daily rounds at the hospital. After four years he closed his practice and retired on January 1, 1969, because he could no longer endure the pain from his injured hip. During this four year period, the plaintiff was readmitted to a hospital several times for treatment directly related to the hip injury.

The defendant made periodic payments to the plaintiff during periods of his disability. Disbursements were resumed in January, 1969, but were stopped in April, 1971, when Dr. Payne became 72 years of age. The defendant's position is that these payments were made pursuant to the sickness rather than total disability clause of the policy. Coverage under the sickness clause admittedly terminates when an insured reaches 72. This case can be dealt with on the basis of the pleadings and an oral deposition because there is no genuine issue of material fact.

Simply put, the issue to be resolved is whether the phrase "wholly and continuously disables" bars the plaintiff from recovering payments for his present period of total disability.[1]

The plaintiff contends that once injured, everytime he subsequently becomes wholly and continuously disabled from that injury, no matter how many intervening periods of non-disability there may be, the defendant is liable under the total disability clause for monthly accident indemnity payments. Dr. Payne argues that in the total disability clause, unlike the partial disability clause of the policy,[2] there is no time limitation between the happening of the accident and the commencement of a period of disability. Therefore, he claims the fact that he fully resumed the practice of medicine for four years after being totally disabled is irrelevant to the defendant's liability if the original hip injury was the cause of the later total disability. See Everhart v. State Life Ins. Co., 154 F.2d 347 (6th Cir. 1946).

The defendant admits that the plaintiff met the policy requirements that the accidental injury and the total disability occur when the policy is in force and be causally connected. It further concedes that there is no requirement that total disability occur within a specified period after the accident. It insists, however, that once total disability commences it is required to continue without interruption if payments are to continue.

Unfortunately, I must agree with this interpretation. "Continuous" is defined by Webster's New International Dictionary (2 Ed.) as "without break, cessation or interruption; without intervening space or time . . ." See Allen v. Paul Revere Life Ins. Co., 57 Tenn.App. 650, 423 S.W.2d 504, 508 (1967). I think the phrase "wholly and continuously disables" clearly and without ambiguity refers to the first occurrence of disability caused by Dr. Payne's fall. When this period of disability was terminated by

1. In deciding this question the Court does not have to resolve a second issue raised by the defendant; whether the plaintiff is presently wholly and totally disabled.

2. B. Partial Disability. When injury commencing within thirty days after the date of the accident . . . continuously disables and prevents the Insured from performing the duties of his occupation, the Company will pay the Monthly Indemnity

. . . .

his return to practice, the company's responsibility as to that accident under this portion of the policy was also terminated.

■ The words "continuously" and "wholly" modify "disabled" and they constitute a condition precedent that must be met if the plaintiff is to recover. Without question, Dr. Payne was wholly and continuously disabled for six months from the day of the accident. Also it is agreed, at least for purposes of this motion, that Dr. Payne had been wholly disabled since January 1, 1969. But has he been *continuously* disabled? Obviously, the question is "continuously" from what point.

If the total disability clause contained only the words "wholly disables" there would be no dispute because there is no other limitation on the number of times a beneficiary is entitled to payments for total disability from any one accident. The clause, however, does contain the word "continuously" and it cannot be treated as mere surplusage.

If, as the plaintiff contends, "continuously" means an uninterrupted time span measured from the beginning of each new period of total disability, the word "continuously" adds no meaning to the contract; the same result would have been achieved by using the term "wholly disables." In effect, plaintiff is suggesting we ignore a word found in the contract, a word of plain import which conveys a perfectly clear idea. I conclude that "continuously" was placed in the policy to limit the defendant's liability to one uninterrupted period of total disability, no matter how long after the accident the disability started.

As applied to disability insurance contracts, this interpretation of continuously is overwhelmingly supported by the reported cases. See Grau v. Travelers Ins. Co., 303 Ill.App. 212, 24 N.E.2d 882, 884 (1940); Bouvier v. Craftsman Ins. Co., 300 Mass. 5, 13 N.E.2d 619, 623 (Mass.1938); Hasson v. Mutual Beneficial Health & Accident Ass'n., 309 Mich. 331, 15 N.W.2d 659, 660 (1944); Fried-

man v. National Cas. Co., 132 N.J.L. 470, 41 A.2d 128, 129 (1945); Jacobson v. Mutual Beneficial Health & Accident Ass'n., 70 N.D. 566, 296 N.W. 545, 553 (1941); Yeager v. Pacific Mutual Life Ins. Co., 166 Ohio St. 71, 139 N.E.2d 48, 54 (1956); Spicer v. Commercial Mutual Accident Co., 16 Pa.C.C. 163, 4 Dauph. 283, 4 Pa.Dist. 271, 275–276 (1894); 1A J. Appleman, Insurance Law and Practice § 631, at 510 (1965); 15 G. Couch, Cyclopedia of Insurance Law §§ 53:71; 53:95; 53:97 (2d ed. R. Anderson ed. 1966). Cf. Johnson v. Travelers Ins. Co., 269 N.Y. 401, 199 N.E. 637, 639–640 (N.Y.1936).

The plaintiff attempts to distinguish many of these cases on the ground that the insurance contract provided that the insured must be wholly and continuously disabled from the date of the accident or within a specified time. These time limitations do not, however, diminish the courts' reasoning that subsequent periods of total disability are not covered because of the use of the word "continuously" in the policies.

Hasson v. Mutual Beneficial Health & Accident Ass'n., supra, aptly illustrates my interpretation. In *Hasson*, the plaintiff was injured and unable to work for six months. He collected total disability payment under a contract similar to the one before me. He returned to work for nine months, then suddenly stopped work, claiming he was totally disabled. In denying recovery the court stated, "The element of time must be marked by continuity. The continuity ceased when the injured went back to work for nine months." Similarly, when Dr. Payne resumed his private practice and teaching his original period of total disability ended. Whether the total disability existed, before, after, or when he retired in January, 1969, is irrelevant. The fact is that there was an interruption between the periods of total disability. The plaintiff was not continuously and totally disabled and his second claim under the contract must fail. G. Couch, Cyclopedia of Insurance Law, supra at § 53:375.

It is true that irregular employment, a trial effort or work for therapeutic purposes would not bar the plaintiff from recovering: Reardon v. Travelers Ins. Co., 166 Pa.Super. 365, 368, 71 A.2d 829 (1949); Kramer v. Travelers Ins. Co., 111 Pa.Super. 367, 371, 170 A. 700 (1934); see Morgan v. Aetna Life Ins. Co., 157 F.2d 527, 529 (7th Cir. 1946). In Dr. Payne's case, however, he worked steadily six days a week for over four years. Certainly this cannot be considered a trial effort; rather it was a sustained period of employment that clearly ended the first period of plaintiff's total disability and, therefore, his right to recover under future total disability payments under the contract.

In conclusion, I find the plaintiff has not remained wholly and continuously disabled since December 23, 1963, when he was first disabled, and therefore grant summary judgment for the defendant.