STANLEY J. KOLWICZ, PLAINTIFF-APPELLANT, v. AMERICAN HEALTH & LIFE INSURANCE COMPANY, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued December 18, 1978—Decided January 5, 1979.

Before Judges SEIDMAN and BOTTER.

*Mr. Herbert L. McCarter* argued the cause for appellant.

*Mr. Henry A. Larner* argued the cause for respondent (*Messrs. Budd, Larner, Kent, Gross, Picillo & Rosenbaum,* attorneys; *Mr. Larner,* of counsel).

PER CURIAM. Plaintiff brought this action against defendant insurance company for benefits under a Mortgage Accident and Health Insurance policy issued to him. Holding that the policy clearly excluded such benefits under the undisputed facts before it, the trial judge granted summary judgment in favor of defendant. Plaintiff appeals.

To the extent relevant here, the policy provided for the payment of benefits in the event of total and continuous disability for a period not to exceed 12 consecutive months. Thereafter, additional benefits would be paid, provided the insured "has not reached his 55th birthday on date of injury or sickness and is totally and continuously disabled and prevented by reason of the same injury or sickness from engaging in each and every occupation or employment * * *."

The undisputed facts here are that on January 21, 1972, when plaintiff was 54 years old, an attack of phlebitis following an injury disabled him for nearly nine months. He resumed his employment and worked until September 27, 1974, when he slipped against a pipe hanger and injured his right leg, the same one which had previously been afflicted with phlebitis. He was then 57 years of age. He has since been totally disabled. Plaintiff submitted a claim for dis-

ability benefits in September 1974 and, in accordance with the policy provision, he was paid benefits for a period of 12 consecutive months. Since plaintiff had passed his 55th birthday on the date of the second accident, the insurer refused to make further payments, whereupon this suit was instituted.

The trial judge held that since the total disability following the original injury or illness, which occurred prior to plaintiff's attaining the age of 55 was not continuous, and since the second period of disability occurred after the age of 55, plaintiff was entitled to benefits for no more than 12 months. On appeal plaintiff contends that the policy is ambiguous, and that by construing it favorably to him coverage can be found. He also submits that he is entitled to benefits under the so-called "process of nature" rule. We disagree and affirm.

The controlling language of the policy is not at all ambiguous. For plaintiff to be entitled to continuing benefits, the disabling sickness must have occurred prior to age 55 and caused continuous disability thereafter. See *Friedman v. National Cas. Co.,* 132 *N. J. L.* 470 (Sup. Ct. 1945), aff'd after remand on other grounds, 133 *N. J. L.* 567 (E. & A. 1946) ; *Payne v. Continental Cas. Co.,* 373 *F. Supp.* 244 (E. D. Pa. 1974) ; *Skinner v. Continental Cas. Co.,* 268 *So.* 2d 576 (Fla. D. Ct. App. 1972) ; *Hasson v. Mutual Ben. Health & Acc. Ass'n, Omaha,* 309 *Mich.* 331, 15 *N. W.* 2d 659 (Sup. Ct. 1944) ; *Yeager v. Pacific Mut. Life Ins. Co.,* 166 *Ohio St.* 71, 139 *N. E.* 2d 48 (Sup. Ct. 1956). Plaintiff's resumption of work on a full-time basis after his initial period of disability broke the continuity requirement. See *Payne v. Continental Cas. Co., supra* at 246.

Plaintiff's claim that he is entitled to benefits under the "process of nature" rule was not raised below and consequently we could decline to consider the contention. *Nieder v. Royal Indem. Ins. Co.,* 62 *N. J.* 229, 234 (1973) ; *Guber v. Peters,* 149 *N. J. Super.* 138, 141 (App. Div. 1977).

Nevertheless, we have reviewed the arguments advanced and find them without merit.

■ This rule holds, as regards a policy provision like the one here involved, that the onset of disability relates back to the time of an injury or illness whenever the disability is caused directly by the injury or illness within such time as the process of nature can normally be expected to produce the state of total disability. *Willden v. Washington Nat'l Ins. Co.*, 18 *Cal.* 3d 631, 135 *Cal. Rptr.* 69, 557 *P.* 2d 501 (Sup. Ct. 1976). The rationale is that since the disabling effects of an accident or illness often do not immediately manifest themselves, an insured should not be barred from recovery when such an accident or illness results in subsequent total disability. See *Booth v. U. S. Fidelity and Guar. Co.*, 3 *N. J. Misc.* 735, 130 *A.* 131 (Sup. Ct. 1925); *Schilk v. Benefit Trust Life Ins. Co.*, 273 *Cal. App.* 2d 302, 78 *Cal. Rptr.* 60 (D. Ct. App. 1969); Annotation, "Validity and construction of accident insurance policy provision making benefits conditional on disability occurring immediately, or at once, or within specified time of accident," 39 *A. L. R.* 3d 1026 (1971), § 5 at 1033–1044.

■ The rule is not relevant to the facts of this case. Here, the 1972 injury produced total disability for a period of nearly nine months for which plaintiff received benefits under the policy. But the total disability ceased when he returned to work. The continuity requirement of the policy was thus broken. The second injury in 1974 produced another period of total disability. There is no issue here of a delayed total disability following the occurrence of an accident or the onset of an illness.

Affirmed.